# SUPREME COURT.

HENRY LUERS and others as trustees and administrators, with the will annexed, of HENRY LUERS, deceased, agt. PETER BRUNGES and others.

*Administrator, with the will annexed — to what property and rights he succeeds.*

The title of an administrator, *de bonis non,* with the will annexed, relates back to the death of the testator, and he may recover not only upon causes of action in favor of the testator in his lifetime, but also for causes of action arising after his death in regard to the assets.

*Walton agt. Walton* (4 *Abb. Ct. App. Dec.,* 512) applied.

By operation of law, not only the unadministered assets of the testator in specie, in the hands of the executor or others, pass to the administrator, *de bonis non,* with the will annexed, but also the moneys and securities realized on any sale thereof by the executor, for the purpose of further administration, which have not lost their identity, and can be distinguished from the individual property of the executor.

Where a bond and mortgage were executed and delivered to F. and B., as executors of the last will and testament of L., deceased, the principal sum secured thereby being made payable to F. and B., *as executors, their survivors, successors or assigns*:

*Held,* upon demurrer to the complaint, that, upon the removal of F. and B. from their office as executors, and letters of administration, *de bonis non,* with the will annexed, having been issued, by operation of law, the bond and mortgage passed to the administrator, with the will annexed, and that he could maintain an action for the foreclosure of the same.

The plaintiff, in his complaint, claims that the principal sum secured by the mortgage, with installments of interest, were due and unpaid, but failed to state facts showing the principal to be due.

*Held,* upon demurrer, that the action of foreclosure could be sustained for the non-payment of interest.

*Special Term, October,* 1878.

DEMURRER to complaint.

The action is for the foreclosure of a mortgage. The complaint alleges that Henry Luers died on the third day of January, 1865, leaving a last will and testament, which was admitted to probate by the surrogate of the county of New York, by which will Lawson N. Fuller, and Peter. Brunges, were appointed executors thereof; that upon the 8th day of March, 1865, letters testamentary were granted and issued to Fuller and Brunges, as executors, and that they entered upon the duty of their office.

That the defendants Brunges and Ockershausen, for the purpose of securing the payment to said Fuller and Brunges, as executors, of the last will and testament of Henry Luers, deceased, of the sum of $38,000 with interest, executed and delivered on the first day of May 1875 to them as executors, a bond dated on that day, conditioned for the payment of the sum above mentioned in five years from the date of the bond, to them the said Fuller and Brunges, as executors as aforesaid, their survivor, successors or assigns, and as collateral security to the bond, executed and delivered to the said Fuller and Brunges as executors of the last will and testament of said Luers, deceased, a mortgage upon real estate situated in the city of New York, which mortgage contained the same condition as the bond; and in case of default in the payment of the aforesaid sum of money or the interest that might grow due thereon, or any part thereof, the said Fuller and Brunges, as executors as aforesaid, their survivor, successors and assigns, were empowered to sell the mortgaged premises in due form of law, and out of the moneys arising from the sale, to pay the said sum of money, with the costs and expenses, the surplus to be returned to said Brunges and Ockershausen.

That the letters testamentary issued to Fuller and Brunges, were revoked by an order of the surrogate of the county of New York, made on the third day of March, 1877, and that on or about the eighteenth day of May, 1877, letters of administration, with the will annexed, were duly issued by the surrogate of New York to the plaintiffs in this action, and

that thereupon the plaintiffs duly qualified as such administrators and entered upon the discharge of the duties of their said office.   That by operation of law the title and ownership of said bond and mortgage, and the fund thereby secured, or intended to be secured, vested in the plaintiffs.

The complaint alleges that the defendants have failed to comply with the condition of the bond and mortgage by omitting to pay the sum of $1,330 interest upon the principal of said bond, which became due and payable on the 1st day of November, 1877, and by omitting to pay the other interest which has become due and payable since that date; that the defendants have failed to comply with the conditions of the bond and mortgage by omitting to pay the principal thereof, which became due and payable on the default in the interest expressed in said bond; and that the plaintiffs elect to consider the whole of said principal sum, with the interest thereon, due and payable according to the provisions of the bond and mortgage, and that there is now justly due upon the same the sum of $38,000, with interest thereon from the 1st of May, 1877.   The complaint also avers that, by an order of the supreme court, made on the 25th of April, 1878, Brunges and Fuller were removed from being trustees of the trusts under the will of Luers, and that the plaintiffs were appointed as such trustees in their place, and have qualified and entered upon the discharge of their duties as such.   Although not given in the exact order in which they are stated therein, such are the substantial allegations of the complaint.   Judgment of foreclosure and sale of the mortgaged premises is demanded. The defendants, Brunges and Ockershausen, separately demur to the complaint, and assign for their causes of demurrer:

First.   That it appears upon the face of the complaint that the plaintiffs have not legal capacity to sue; in that the complaint does not show or allege any conveyance or assignment by the former executors and trustees of their right, title and interest in and to the bond and mortgage, and that they are not the lawful owners and holders thereof.

Luers agt. Brunges.

Second. That it appears upon the face of the complaint that the same does not state facts sufficient to constitute a cause of action against the defendants.

*George F. Martins*, for defendant Brunges, and *H. Secor, Jr.*, for defendant Ockershausen, for demurrer.

*Elliott F. Shepard*, for plaintiffs, opposed.

VAN VORST, *J.* — If the fact was that the mortgage in question was among the assets of the testator, in specie, there can be no question but that by operation of law the plaintiffs, who have been appointed administrators, *de bonis non*, with the will annexed, have a legal title thereto.

By their appointment, in the room of the executors named in the will who have been removed, the plaintiffs became the sole representatives of the estate and are charged with the administration of the assets not already administered. Their title dates from the death of the testator, and they may recover not only upon causes of action in favor of the deceased in his lifetime, but equally for any cause of action after his death in regard to the assets (*Redfield on Wills*, vol. 3, 103). An administrator, *cum testamento annexo*, has the same rights and powers, and is subject to the same duties, as if he had been named executor in the will. He takes all the powers, as well as the rights and duties, which belong to the executor as such, whether these powers are conferred by statute or exist at common law (*Conklin* agt. *Egerton's Administrator*, 21 *Wend.*, 430; 2 *Rev. Stat.*, 16, sec. 22 [2d ed.]).

In *Walton* agt. *Walton* (4 *Abb. Court of Appeals Decisions*, *pp.* 512, 516) it is said: " For all legal purposes the plaintiff " (who was administrator, *de bonis*, with the will annexed) " is the sole legal representative and possessed of the unadministered assets of the deceased and is entitled by law to the custody of the property and the possession of the assets for the purpose of administration. He may bring suits to recover

the property against any person in possession of it" (*See, also, Redfield on Wills*, vol. 3, 101; *Williams on Executors*, vol. 1, 823).

Although it does not appear that the mortgage sought to be foreclosed did, in specie, belong to the decedent, yet, for the purposes of this demurrer, sufficient is alleged to show that it was taken and held by the executors as an asset and as the property of the estate of the decedent .That it is such asset and is the property of the estate, the obligors and mortgagors, upon the undisputed facts, are precluded from now denying, in so far as the issue of law raised by the demurrer is concerned.

The complaint alleges that the bond and mortgage were executed and delivered to secure the payment to Fuller and Brunges, as executors of the last will and testament of Henry Luers, deceased, the sum secured thereby, and that the same was to be paid to them and their successors.

Persons are presumed to mean what they say, and we are not warranted in giving an import to words opposed to the sense in which they were manifesly used. This is emphatically so when they speak through an instrument under seal. The language of the mortgage, impresses it with a special and limited character as to the fund it represents and the direction in which it is to go.

Although, in fact, given to secure a debt due to the estate, had the mortgage been executed to Fuller and Brunges, individually, and not in their representative character, other questions would have arisen.

But Brunges, one of the obligors and mortgagors, was himself an executor. As far as he is concerned, the bond and mortgage was executed by him, individually, to himself, as executor; and such act amounts to a distinct assertion, on his part, that the security so taken was the property of the estate he represented. But both are equally bound by the facts stated in the bond and mortgage, and appearing in the complaint.

Luers agt. Brunges.

Fair construction would be against any claim on the part of the mortgagees, should any such be interposed, that the bond and mortgage were their individual property.

There is no room, therefore, at this time, for the conclusion that the mortgage is not the property of the estate; and if such be its character, the plaintiffs are legally and equitably entitled to its possession in right of their office as administrators, with the will annexed.

In *Walton* agt. *Walton* (*supra*), it is decided "that the administrator, *de bonis non*, may recover the property of any person in possession of it, if it exists in specie, in the condition in which it was at the testator's death, or if it has been converted into money."

The opinion in that case adds: "Wherever they are found, in whose hands soever they may be, such person is bound to deliver them over into the possession of the plaintiffs."

In the case of *Walton* agt. *Walton*, among other things, real estate, bid in by the former executor on a mortgage executed to the testator, was held to be a purchase for the estate, and that the representatives had the right to elect to take the purchase.

And, in general, I should say, that not only the unadministered property of the testator in specie would, by operation of law, pass to the administrator, *de bonis non*, with the will annexed, but also the moneys and securities realized on a sale thereof for the purpose of further administration, and yet not fully administered, and which have not lost their indentity, and can be distinguished from the individual property of the executor, will also so pass.

We are not shut up to any presumption, in the entire absence of facts, that in taking the bond and mortgage, the executors were doing an unauthorized act, or that they have intentionally converted to their own individual use, the property of the estate, but, on the other hand, the presumption is, that they were legally and honestly taken in a transaction affect-

ing the estate, and that they were properly made and executed to the executors as such.

And this action is an election on the part of the plaintiffs to take the bond and mortgage, although executed after the testator's death, as assets to be fully administered under the will.

And they are justified in so taking them, as representing a debt due to the estate, or as property of the estate, invested and legally converted into that form, and which in their converted form, are readily distinguishable. It is quite true that there are difficulties which seem to lie in the way of regarding the plaintiffs as succeeding to the bond and mortgage, made after the death of the testator, growing out of the rule advanced in several reported cases, that the administrator, with the will annexed, derives his title from the decedent and not from the executors who have been removed (*Carrick* agt. *Carrick*, 23 *N. J. Eq.*, 364; *Com. For. Missions*, 27 *Conn. R.*, 344). But this difficulty, under the facts before us, is unsubstantial. There exists in this case, a privity between the plaintiffs and the executors, whom they succeed, as to all rights and duties, growing out of the character impressed upon the bond and mortgage by their language, and the purpose for which they were evidently taken.

This is an action in equity. An equitable title is sufficient to uphold it. The demurrer admits, in substance, that the bond and mortgage are the property of the estate, and that the amount thereof is properly payable to the mortgagees, as executors, and to their successors.

In this connection the word "successors" is quite important, and, in itself, repels the idea suggested by the defendant's counsel that an assignment from the executors was necessary to vest the property in the plaintiffs.

The obligations, by their terms, determine the rights of the plaintiffs to hold and enforce their payment.

Where the cause of action is such that the first administrator may sue in his representative character, the right of

action devolves on the administrator, *de bonis non* (*Catherwood agt. Chaubaud,* 1 *B. & C.,* 150); wherever the money recovered will be assets, the executor may sue for it and declare in his representative character (*Webster* agt. *Spencer,* 3 *B. & Ald.,* 362–364; *Smith* agt. *Pearce,* 2 *Swan* [*Tenn.*], 127; *Burrus* agt. *Roulhae,* 2 *Bush* [*Ky.*], 39).

What is said in the complaint about the plaintiff having been also appointed trustee under the will of the testator in the place of the trustees removed, is immaterial. The nature of the trusts is not disclosed. It does not appear that the bond and mortgage in question form a part of any trust estate. They were not executed to the trustees but to the executors as such.

It must be decided, therefore, that the first ground of demurrer is not well taken, and that if there be any fact which disentitles the plaintiffs to recover they must be interposed by answer.

In support of the second ground of demurrer it is urged that it does not appear that the principal sum secured by the mortgage is due. Whether or not the whole amount is due will depend upon the condition written in the bond.

The condition is not in terms given in the complaint, but a conclusion is drawn by the pleader therefrom as though it was fully stated.

But the complaint alleges the interest to be in arrears and unpaid from the 1st day of November, 1877. That is sufficient to uphold this action for a foreclosure of the mortgage.

On the trial, when the bond is offered in evidence, the extent of the relief to which the plaintiffs are entitled will be determined. There must be judgment for the plaintiffs on the demurrer, with liberty to the defendants to answer on payment of costs.