# Cases

---

EZRA CAULKINS, RESPONDENT, *v.* DANFORTH D. BOLTON
AND MARY L. SCRIBER, AS ADMINISTRATORS, ETC., OF ZARA
COMSTOCK, DECEASED, APPELLANTS, AND JOHN F. GRAY,
ADMINISTRATOR, ETC., OF LUCINDA COMSTOCK, DECEASED,
RESPONDENT.

*Interpleader — effect of an executor's taking a security in his own. name, upon the*
*loan of funds of the estate — his executors are entitled to collect it.*

Lucinda Comstock, executrix of Zara Comstock, deceased, loaned money
belonging to his estate to the plaintiff, and took back his bond and mortgage
therefor in her own name, and not as executrix. By his will she was entitled
to the use of all the property of the deceased during her natural life for her
support, and also to use any portion of the principal which might be necessary
for that purpose, of which necessity she was made the sole judge. Lucinda
Comstock having died, letters of administration were issued upon her estate,
and thereafter letters of administration, with the .will annexed, *de bonis non,*
were issued upon the estate of the said Zara. The bond and mortgage being
in the possession of the administrators of Zara, and the administrator of
Lucinda claiming to be entitled to recover the amount due thereon, the plain-
tiff brought this action of interpleader to have it decided to which party he
should pay the said amount.

*Held,* that he was entitled to maintain the action.

That the money should be paid to the executors of Lucinda to whose intes-
tate, as an individual, the bond and mortgage were given.

APPEAL from a judgment, entered upon the trial of this action
by the court without a jury.

*E. M. Harris*, for the appellants Bolton and Scriber.

*H. Sturgis*, for the plaintiff, respondent.

*Samuel A. Bowen*, for the respondent John F. Gray.

LEARNED, P. J.:

This is an action of interpleader brought by a mortgagor to determine to whom he may pay the mortgage.

Lucinda Comstock, executrix of Zara Comstock, deceased, loaned money of the estate to the plaintiff and took this bond and mortgage in her own name, not as executrix. She was, under the will, entitled to the use of all the property of Zara Comstock during her natural life for her support, and also entitled to use any portion of the principal, if necessary, for her support, and of this she was to be the sole judge.

Lucinda Comstock died. Letters of administration on her estate were issued November 14, 1881, to Gray, one of the defendants. Letters of administration with the will annexed *de bonis non* of the estate of Zara Comstock were issued October 31, 1881, to the defendants Bolton and Scriber. The bond and mortgage are in their possession and they claim the payment. Gray also, as administrator of Lucinda Comstock, claims the payment.

We think the bill of interpleader was properly brought. The plaintiff ought not to be required to pay Gray without receiving the bond and mortgage, nor to pay Bolton and Scriber when the administrator of the mortgagee claimed the debt.

Again, it seems to us that the learned justice correctly observed that this was not an action for an accounting. It is not an action in which the final rights between Lucinda Comstock, or her estate, on the one side, and the legatees under the will of Zara Comstock on the other, can be determined. She was entitled, as above seen, to the income for her life, and to the principal, if necessary, and she was to be sole judge as to this necessity. How far then she may have applied in fact the principal, or how far she may have been right in applying the principal to her support, or what the effect may be of this clause in the will; these and other similar questions may probably be raised on an accounting between the representatives of the estate and those of the estate of Zara Comstock. We say nothing on those questions.

It is enough that this mortgage was taken by her, payable to herself. It cannot then be rightfully taken from her or from her estate without an accounting. To illustrate, the estate of Zara Comstock may be indebted to her for commissions, or for debts paid, or money advanced. Her estate could not be required to give up property, thus standing in her name, until her demands, if any, should be adjusted. The case of *Walter* v. *Walter* (4 Abb. Ct. App. Dec., 512) cited by the appellant illustrates this view. That was an action *for an accounting* brought by the administrator *de bonis non* against the executrix of the deceased executor. And the question arose on a demurrer to the complaint.

Again the case of *Luers* v. *Brunges* (56 How. Pr., 282) was an action of foreclosure brought by administrators *de bonis non* upon a mortgage taken to the original executors " as executors as aforesaid, their survivors, successors or assigns." The letters to these executors had been revoked by the surrogate. There was a demurrer to the complaint which was overruled, and very properly. But the court remarked that if the mortgage had been, in fact, given to the mortgagees individually, and not in their representative character, other questions would have arisen.

Even assuming that the administrator *de bonis non* is entitled to the unadministered assets, we could not in this action determine that this bond and mortgage was of that character. Because under the will, Lucinda Comstock might have used any portion of the principal necessary for her support. What appropriation, if any, she made of these moneys to her use, we cannot say in this action. Nor do we mean to determine whether, or not, her estate will be liable to pay the amount of this mortgage to the administrator *de bonis non* on an accounting. The only question here is whether the mortgagor shall pay to the personal representatives of the mortgagee, or to the representatives of the person of whom the mortgagee was executrix. The contract was made with the mortgagee individually and should be performed to her personal representatives. (See, also, *United States* v. *Walker*, 109 U. S., 258.)

The judgment should be affirmed, with costs.

Present — LEARNED, P. J., BOARDMAN and POTTER, JJ.

Judgment affirmed, with costs.