EZRA CAULKINS *v.* DANFORTH D. BOLTON et al., as Adminis-
trators, etc., Appellants, and JOHN F. GRAY, Administrator,
etc., Respondent.

The practice of referring in an answer to parts of the complaint which the
pleader intends to admit or deny, as " at " or " between " certain folios,
does not conform to the spirit of the provision of the Code of Civil Pro-
cedure (§ 22), which requires pleadings to be made out " in words at
length and not abbreviated," and serves no useful purpose on appeal
where original folios do not appear in the case.

Where an executor loans moneys belonging to the estate, not in his repre-
sentative, but in his individual capacity, and takes a bond and mortgage
to secure the loan, payable to him individually, in case of default the
cause of action accrues to him personally, and upon his death his per-
sonal representatives only can enforce the securities.

Where, therefore, in such a case, after the death of the executor his ad-
ministrator and administrators with the will annexed both claimed the
right to the custody of and payment of the securities, *held*, that the right
was vested in the former, not in the latter.

*Walton* v. *Walton* (4 Abb. Ct. of App. Dec. 512), *Luers* v. *Brunges* (56
How. Pr. 282), distinguished.

(Argued March 24, 1885 ; decided as of March 24, 1885.)

APPEAL from judgment of the General Term of the Su-
preme Court, in the third judicial department, entered upon
an order made the fourth Tuesday of January, 1884, which
affirmed a judgment entered upon a decision of the court on
trial at Special Term. (Reported below, 31 Hun, 458.) ✓

The nature of the action and the material facts are stated
in the opinion.

*E. M. Harris* for appellants. The defendants Bolton and
Scriber, after the death of Lucinda Comstock, on their appoint-
ment, became the successors of the executrix in the trust.
This trust did not devolve upon the administrator of Lucinda
Comstock, but upon her successor in the trust. (*Luers* v.
*Brunges*, 56 How. Pr. 282; *Walton* v. *Walton*, 4 Abb. Ct.
App. Dec. 512; *Moses* v. *Murgatroyd*, 1 Johns. Ch. 119 ;
*Ferris* v. *Van Vechten*, 73 N. Y. 113.) An executor or ad-

ministrator represents the person of the testator or intestate in respect to his personal estate, the whole of which vests in the one on the death of the testator, and in the other on the grant of letters of administration. (*Schultz* v. *Pulver*, 11 Wend. 361.) Mrs. Comstock had no authority to appropriate the funds of the estate on account of her commissions as executrix without a settlement of her accounts or allowance of such commissions by the surrogate. (*Whitney* v. *Phœnix*, 4 Redf. 180.) The administrator, with the will of a decedent annexed, is a mere substitute by the law for an executor or trustee, dead, incapable of acting, or declining to act to carry out the will of the testator. His authority must then become co-extensive with that of the executor whose place he takes (*Dominick* v. *Michael*, 4 Sandf. 410 ; *Edgerton* v. *Conklin*, 25 Wend. 233 ; *Beekman* v. *Bonsor*, 23 N. Y. 303 ; *Peterson* v. *Chemical Bk.*, 2 Robt. 608; 2 R. S. 72, § 22.) His title equally relates back to the death of the decedent. (32 N. Y. 45.) The claim of the defendants Bolton and Scriber to the bond and mortgage being clearly legal and valid, to the exclusion of the claim of the defendant Gray, the action was not properly brought and cannot be sustained. (*D. D. M. E. M. Church* v. *Carr*, 2 Barb. 60 ; *Trigg* v. *Heitz*, 17 Abb. Pr. 436 ; *Morgan* v. *Fillmore*, 18 id. 217 ; *Bedell* v. *Hoffman*, 2 Paige, 199 ; 4 id. 392.)

*E. Countryman* for respondent. An executor must administer and account for all the assets that come into his hands. If his testator held goods of a previous testator unadministered, or if the testator held assets as a trustee, probate courts may appoint an administrator with the will annexed of the first testator or a new trustee, and it will be the duty of the executor of the last testator to settle and account with the administrator with the will annexed, or with the new trustee, and pay over to them the assets that come into his hands. Until such proceedings are had, he will hold such assets upon the same terms and trusts that his testator held them. (Perry on Trusts, § 264.) There is no privity between an administrator *de bonis non* and

his predecessor, the executor. (Bigelow on Estoppel, 79, 80.) An administrator *de bonis non* is entitled to all the goods and personal estate of the testator which remain in specie and were not administered by the first executor ; but if the property or effects of the deceased have been changed by the original executor and are vested in him in his individual capacity, such effects will go to his executor or administrator and not to the administrator *de bonis non.* (1 Wms. on Exrs. 781; *Weld* v. *McClure,* 9 Watts, 495; 3 Redf. on Wills, 103, § 10 subd. 8; *Carrick* v. *Carrick,* 23 N. J. Eq. 364.) The collection of the testator's debts or the sale of his goods by the executor is an administration of them and precludes the administrator *de bonis non* from claiming any right to have them or their proceeds. (*Little* v. *Walton,* 23 Penn. St. 164; *Potts* v. *Smith,* 3 Rawle, 361 ; *Dale* v. *Roosevelt,* 8 Cow. 344.) When the executrix loaned this money, the bond and mortgage was her contract, and in no sense unadministered goods, chattels or credits of the testator. (2 R. S. 449, §§ 13, 18; *Ferrin* v. *Myrick,* 41 N. Y. 315; *Austin* v. *Myrick,* 47 id. 360 ; *Patterson* v. *Patterson,* 59 id. 574; *Holdredge* v. *Scott,* 1 Lans. 303 ; *Roseboom* v. *Roseboom,* 15 Hun, 308 ; *Smith* v. *Patten,* 9 Abb. [N. S.] 205 ; *Feig* v. *Wray,* 2 Civ. Pro. R. 386.) When the executrix loaned the money, if it was hers under the will, it was reducing it to her possession. If it was not hers under the will, then it was a *devastavit,* for which she or her representatives became liable to account in a proper proceeding brought by the administrators *de bonis non.* (*Smith* v. *Edwards,* 10 N. Y. Leg. Obs.) The action was properly brought by the plaintiff. But, even if the administrators *de bonis non* were entitled to receive the money of the plaintiff, it was a question of so much doubt (the Special and General Terms having held the other way), that the plaintiff was justified in bringing the action. (*Dorn* v. *Fox,* 61 N. Y. 264.)

DANFORTH, J. The plaintiff brought this action against Bolton and Scriber " as administrators, with the will annexed, of Zara Comstock, and Gray, as the administrator of the goods, etc.,

of Lucinda Comstock, deceased. For cause of action, he alleged the execution and delivery of his bond and mortgage to said Lucinda, whereby, he promised to pay her $1,000 ; that it is now due and payable, and he is ready to pay the same, but that each party defendant claims the money ; that B. and S. are in possession of the bond and mortgage, and claiming that they belong to the estate of Zara Comstock, refuse to surrender or satisfy them, except on payment of the money ; that Gray, as administrator of Lucinda, makes a similar claim, and refuses to satisfy the mortgage unless the money is paid to him. The plaintiff asks that these persons interplead, and that it be determined to whom he shall make payment, and be discharged from further liability.

The defendants answered separately. The answer of the defendants Bolton and Scriber is so drawn that we cannot discover from the record how much of the complaint is admitted, or how much denied. For such information the pleader refers to certain folios which are plainly not the folios of the case, but of the complaint as originally prepared, and not reproduced here. The method of referring to parts of the complaint as " at " or " between " certain folios, however convenient and easy in the first instance, serves no useful purpose upon appeal, nor does it conform to the spirit of the Code, which requires pleadings to be made out " in words at length, and not abbreviated." (Code Civil Proc., § 22.)

But they set up affirmatively that by the will of Zara Comstock, Lucinda was appointed executrix, and as such received letters testamentary, but that "she died leaving " his " estate unadministered and in her possession ; " that the consideration of the bond and mortgage was derived from assets of the estate, and should have been taken by Lucinda as executrix, and not in her own name. They ask, therefore, that the bond and mortgage be reformed and corrected so as to run to the said Lucinda as executrix, or to themselves as administrators of Zara Comstock, with the will annexed, and that the plaintiff pay the amount thereof to them.

Gray admits the allegations of the complaint, with exceptions

not now material, and alleges that the bond and mortgage " be-
long to, and are of, the assets of the said Lucinda," and that as
her administrator he is entitled to their possession and the
administration thereof.   He asks judgment that Bolton and
Scriber restore to him the securities, and that the plaintiff be
required to pay the amount to him for administration.

Upon the trial, the court found facts making it proper for the
plaintiff to institute this action; that the bond and mortgage
were executed by him to Lucinda Comstock individually; that
Gray, as her administrator, has the right to the possession of the
bond and mortgage for the purpose of receiving the money
and canceling the same, and Bolton and Scriber were directed
to deliver them to him, and he was directed to discharge the
same upon payment by the plaintiff.   No additional finding
was asked for by either party.   Judgment was entered in con-
formity with the conclusions above stated.   Upon appeal to
the General Term by Bolton and Scriber, the judgment was
affirmed.

Neither at the General nor Special Terms was it thought mate-
rial to give any construction to the will of Zara Comstock, nor
does the judgment rendered by those courts make it necessary for
us to determine what interest Lucinda Comstock took under it.
We agree, therefore, with the learned counsel for the appellants
that any question arising upon its provisions may properly be
left for adjustment by the surrogate, if any controversy should
bring the matter before him.   If it turns out that in equity
the consideration of the bond and mortgage were assets of the
testator Zara, so as to make the estate of Lucinda Comstock
accountable, it would not follow that the bond and mortgage
could be enforced by the administrator *de bonis non.*   The
dealing of the plaintiff was not with her as executor, but as an
individual.   She loaned the money and took the security in
that character, and upon default in payment the cause of action
accrued to her personally, and not by reason of any right of
her testator.   Whether in so dealing she was guilty of a
wrong or *devastavit* could not be determined in this action.
The finding of the trial judge is indeed that the first executor

(Lucinda) "received and collected divers amounts of money" from "the goods, chattels and credits of the estate of Zara Comstock," and that from these moneys she loaned the plaintiff the money described in the bond and mortgage. If that be the case, then (leaving, as I do, any right which she may have as devisee and legatee, out of the question), by the very act of collection as executrix she became liable, and with that liability her estate may eventually be chargeable. If the moneys have in fact gone into the securities in question, her personal representative is the one interested in rendering them available, and he only can enforce them.

In *Dale* v. *Roosevelt* (8 Cow. 333) it is said that a debt which formed part of the estate of a testator, when merged in a judgment recovered by an executor in his own name, is no longer part of the estate of the testator, but part of that of the executor. This was before the Revised Statutes (Vol. 1, p. 449, §§ 13, 18), by which an administrator *de bonis non* was authorized to issue execution to enforce a judgment recovered by his predecessor. But the reasoning of the court holds good as to contracts entered into by him. (*Patterson* v. *Patterson*, 59 N. Y. 574; *Austin* v. *Munro*, 47 id. 360; *Ferrin* v. *Myrick*, 41 id. 315.) The grounds on which the cases cited by the appellants (*Walton* v. *Walton*, 4 Abb. Ct. App. Dec. 512; *Luers* v. *Brunges*, 56 How. Pr. 282) stand, are not in conflict with the doctrine to which I have adverted. Both arose on demurrer, and in both it was admitted that the property in question was assets of the testator, remaining unadministered by the first executor. *Walton's Case* was an action for an account and payment of assets, consisting of moneys received by the executor in payment of debts due the testator at the time of his death, or debts due from the executor to him, or real estate bid in by the executor for the benefit of the estate on the foreclosure of a mortgage running to the testator, and the court held there was ground for an account. *Luers' Case* was for the foreclosure of a mortgage executed by the defendants to the original executors of Luers' estate as such and "payable to them and their successors," and the court held that by demurring

the defendant conceded that the mortgage was taken and held by the executors as an asset and as the property of the estate of the decedent; that "the language of the mortgage impresses it with a special and limited character as to the fund it represents and the direction in which it is to go." The obligation by its very terms declared the rights of the plaintiff to hold and enforce payment. But the court say, "although in fact given to secure a debt due to the estate, had the mortgage been executed to Fuller and Brunges individually and not in their representative character, other questions would have arisen." The case thus supposed is the one before us, and it has, I think, been properly answered by the judgment in this case, but as it is suggested that in some future litigation the determination may be construed as bearing upon the rights of Lucinda Comstock under the will of Zara, it should be so modified as to be without prejudice to the rights of any party in any subsequent proceeding to determine her rights, whether upon an accounting before the surrogate or otherwise, and as so modified, affirmed with costs to be paid by the appellants Bolton and Scriber to the respondent Gray.

All concur, except RAPALLO, ANDREWS and EARL, JJ., not voting.

Judgment accordingly.