Crosley agt. Cobb.

---

## SUPREME COURT.

### EDMUND CROSLEY agt. CALVIN F. COBB.

*Appeal — Practice — Code of Civil Procedure, section 22 — Libel — Evidence.*

The method of referring to parts of the complaint as "at" or "between" certain folios, however convenient and easy in the first instance, serves no useful purpose upon appeal, nor does it conform to the spirit of the Code, which requires pleadings to be made out "in words at length and not abbreviated" (*Code of Civ. Pro., sec. 22*).

When, by inadvertence, an answer has been drawn, referring to the original folios of the complaint, the appeal book should be so printed as to render the pleadings intelligible.

In an action for defamation of character when general damages only are

Crosley agt. Cobb.

claimed, it is not competent for the plaintiff to show that, by reason of the defamatory matter, he was less esteemed by a particular person.

A question is not competent, on cross-examination, which does not relate to any matter inquired into in chief.

When the trial judge is dissatisfied with the verdict, and sets it aside for reasons which he deems sufficient; on appeal, the burden is on the apellant to show that the order appealed from was erroneous.

*Fourth Department, General Term, November,* 1885

*Before* HARDIN, *P. J.,* BOARDMAN *and* FOLLETT, *JJ.*

*Franklin Pierce,* for defendant and appellant.

*A. P. Smith,* for plaintiff and respondent.

PER CURIAM.—The defendant had a verdict at circuit. The plaintiff moved, on the judge's minutes, for a new trial, which was granted, upon the ground that errors were committed in the reception of evidence, and upon the ground that the verdict was contrary to the evidence. The defendant appeals from the order.

The learned judge who presided at the trial set aside the verdict on his minutes because it was against the evidence, and because of errors committed in the reception of evidence; but no opinion having been written, the exceptions held valid, or the issues held to have been erroneously determined by the jury are undisclosed. Many independent charges, *prima facie* libelous, are contained in the article declared upon. Some of the charges are justified in the answer, and as to others, and perhaps as to all, mitigatory circumstances are alleged.

Before attempting to apply the rules of the law of libel to this case, it is important for the court to know which of the charges are justified in the answer, and to which charges only mitigatory circumstances are pleaded. The mode in which the answer is framed and the case printed, renders it impossible to ascertain, with accuracy, what charges are justified. Twelve clauses of the complaint are referred to in the answer as being between certain folios, which are evidently the folios of the original complaint, and not the folios of the appeal book. Be-

Crosley agt. Cobb.

sides, reference is made in the answer to other parts of the answer by folios which do not correspond with the folios of the appeal book. This mode of pleading and preparing cases is condemned (*Caulkins* agt. *Bolton*, 98 *N. Y.*, 511).

When by inadvertence, an answer has been drawn referring to the original folios of the complaint, the appeal book should be so printed as to render the pleadings intelligible. Whether the verdict in this case was against the evidence, depends largely upon which of the charges in the complaint were justified in the answer; and being unable to ascertain this fact, the exceptions only will be considered.

A witness called by the plaintiff to prove the publication of the libel, was asked on cross-examination, if the article complained of affected his opinion of plaintiff's reputation. To this the plaintiff objected. The objection was overruled, and an exception taken. The witness answered, that the article did not affect his opinion, and that he did not shun or respect the plaintiff less by reason of the article.

In an action for defamation of character where general damages only are claimed, it is not competent for the plaintiff to show that by reason of the defamatory matter he was less esteemed by a particular person (2 *Roscoe's N. P. Ev.*, 799). Special damages are not claimed in the complaint; or at least, a claim for special damages is not well pleaded therein (1 *Wms. Saund.*, 243; *Towns. S. and L.*, sec. 345), and no evidence of special damages was given by the plaintiff. This question was not competent on cross-examination, because it did not relate to any matter inquired into in chief. It was not competent as affecting the credibility or recollection of the witness. It was not competent as affecting the question of damages, for the defendant had no right to attempt to lessen the plaintiff's general damages by showing that special damages had not been occasioned. Usually, a case will not be reversed for the admission of erroneous evidence upon the question of damages when the jury has found that the plaintiff is entitled to no damages. But in this case the damages are not capable of being computed, and

rest very much in the discretion of the jury. The same evidence· was obtained from two other witnesses, and is to the effect that no damages were sustained, and how far this evidence may have affected the general result, we are unable to determine. The· trial judge was dissatisfied with the verdict and set it aside for reasons which he deemed sufficient, and the burden is upon the· defendant to show that the order was erroneous. This, we think, he has not done.

This is one of the cases which, we think, might have been better disposed of upon a case at special term than upon the· minutes at circuit (*Hinman* agt. *Stillwell*, 34 *Hun*, 178).

The order appealed from must be affirmed, with costs to abide the event of the action.

All concur.