THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF
NEW YORK, Respondent, *v.* THE DRY DOCK, EAST BROAD-
WAY AND BATTERY RAILROAD COMPANY, Appellant.

| 112 | 137 |
| 112 | 659 |
| 112 | 137 |
| 143 | 30 |

In 1860 the defendant was authorized to construct and operate a railroad on
certain streets in New York city, subject, among other things, "to the
payment to the city of the same license fee annually for each car run
thereon as is now paid by other city railroads in said city." (Chap. 512,
Laws of 1860.)   In 1866, defendant was authorized to extend its tracks,
subject to the payment into the city treasury of five per cent of the
net receipts from cars run on such "extension," and all acts and parts
of acts, so far as they were inconsistent with the provisions of this act,
were repealed.   (Chap. 883, Laws of 1866.)   Some rights in other streets
were acquired under other acts (Chaps. 866, 868, Laws of 1866), but they
contained no provisions as to license fees or compensation to the city.
Under these acts defendant has since 1866 operated four distinct routes
under separate names, one of which is designated as the "Grand Street
Line," being operated by cars run separately from those of other lines and
over the streets named in the act of 1866 first mentioned (Chap. 883), in
connection with some of those named in the other acts of that year,
and through streets designated in the act of 1860 (Chap. 512).   Defendant
has paid the percentages of its receipts for cars running over this route
as required by the act of 1866 (Chap. 883).   In an action brought to
recover the license fees given by said act of 1860, *held,* that plaintiff
was entitled to recover; that the provision for compensation in the act of
1866 (Chap. 883) is not in conflict with the like provision in the act
of 1860 and does not cover the whole subject ; that said act of 1866
is in no sense an amendment of that of 1860; that each franchise
stands upon the authority of and subject to the burden imposed by a
distinct statute, and defendant having availed itself of the privileges
offered by both, it cannot be relieved from paying the price exacted.

(Argued December 13, 1888; decided January 15, 1889.)

APPEAL from order of the General Term of the Supreme
Court in the first judicial department, made January 23, 1888,
which reversed a judgment in favor of defendant entered
upon a verdict and granted a new trial.

This action was brought to recover license fees provided
for by chapter 512 of the Laws of 1860.

The facts are sufficiently stated in the opinion.

SICKELS — VOL. LXVII.   18

*John M. Scribner* for appellant.   Where the grant authorizing the construction of the railroad does not reserve license fees, and contains no provision on the subject, the common council has no power to add to the obligations of the contract created by the granting and acceptance of the railroad charter. (*Mayor, etc.,* v. *Second Ave. R. R. Co.,* 32 N. Y. 261.)   It was clearly the intention of the legislature by the provisions of the act to exact from the defendant a percentage of its receipts in lieu of license fees.   *Expressio unius est exclusio alterius.*   (*Cooke* v. *Nat. Bk.,* 1 Lans. 504; *Smith* v. *Brooklyn Savings Bk.,* 101 N. Y. 62; *Quinn* v. *Hardenbrook,* 54 id. 88; *Trask* v. *Payne,* 43 Barb. 574.)   The doctrine that the statute must be construed most strongly against the defendant, and if any ambiguity exists it must operate against the defendant, and in favor of the public, only applies in the case of a gratuitous grant, and the grant in question was not gratuitous.   (*Langdon* v. *Mayor, etc.,* 93 N. Y. 147; *Williams* v. *Mayor, etc.,* 105 id. 419–436; *Mayor, etc.,* v. *Starin,* 106 id. 19.)   Section 7 of chapter 883, Laws of 1866, repeals all acts and parts of acts inconsistent with the provision of the said act of 1866; and the plaintiffs are not entitled to demand license fees from defendant, but only the percentage of profits mentioned in section 6 of the act of 1866.   (*Heckman* v. *Pinkney,* 81 N. Y. 215; *People* v. *G. & S. Tel. Co.,* 98 id. 78; *Lyddy* v. *Long Island City,* 104 id. 221.)   The grant conferred by chapter 883 of Laws of 1866, and its acceptance by the defendant, constituted a contract between the state ·and the defendant, and it is not even within the powers of the state itself to alter the terms of that contract so as to impose additional obligations upon the defendant.   (*Danolds* v. *State,* 89 N. Y. 36; *Dartmouth College* v. *Woodward,* 4 Wheat. 519; *Fletcher* v. *Peck,* 6 Cranch, 87, 137; *State of New Jersey* v. *Wilson,* 7 id. 164; *People* v. *Stephens,* 71 N. Y. 549.)

*David J. Dean* for respondent.   By chapter 512, Laws of 1860, the defendant became bound to pay to the city a license fee of $50 for each two-horse car, and $25 for each one-horse car

operated on the streets designated in that act. (*Mayor, etc.,* v. *B. & S. A. R. R. Co.,* 97 N. Y. 275 ; *Quinn* v. *Mayor, etc.,* 44 How. 266 ; 53 N. Y. 627.) Chapter 833, Laws of 1866, does not relieve the defendant from liability to pay' license fees on cars operated upon that portion of its so-called Grand street route granted by chapter 512, Laws of 1860. The act of 1866 (Chap. 833) having been passed at the instance of defendant, any obscure and ambiguous language employed in it is to be taken most strongly against the company to whom the right to make the extension was granted. (*Demott* v. *State,* 99 N. Y. 107 ; *Langdon* v. *Mayor, etc.,* 93 id. 129 ; *Mayor, etc.,* v. *B. & S. A. R. R. Co.,* 97 id. 281 ; *C. T. Co.* v. *Ryder,* 1 Johns. Ch. 611 ; *N. T. Co.* v. *Miller,* 5 id. 101 ; 11 Pet. 420 ; *O. F. Co.* v. *Fish,* 1 Barb. Ch. 547 ; *Thompson* v. *N. Y. & H. R. R. Co.,* 3 Sandf. Ch. 625 ; *M B. Co.* v. *U. & S. R. R. Co.,* 6 Paige, 544 ; *C. B. Co.* v. *Magee,* 6 Wend. 85 ; *A. & C. P. R. Co.* v. *Douglass,* 9 N. Y. 444 ; *Fertilizing Co.* v. *Hyde Park,* 97 U. S. 659 ; *Newton* v. *Comr's.,* 100 id. 561 ; *Rice* v. *A. & N. R. R. Co.,* 1 Black [U. S.] 358 ; *S. C. Co.* v. *Wheeley,* 2 B. & Ad. 792 ; *Gildart* v. *Gladstone,* 11 East, 685 : *K. D. Co.* v. *La Marche,* 8 B. & C. 42 ; *L. & L. Co.* v. *Huster,* 1 id. 424 ; *Priestly* v. *Foulds,* 2 Scott's N. R. 205 ; *P. B. Co.* v. *Nance,* 6 id. 823 ; *Barrett* v. *S., etc., R. Co.,* 3 id. 803 ; *Blackmore* v. *G. C. Co.,* 1 M. & K. 154 ; *Scales* v. *Pickering,* 4 Bing. 452 ; *Bradley* v. *N. Y. & N. H. R. R. Co.,* 21 Conn. 294 ; *Hartford Bridge Co.* v. *N. F. Co.,* 29 id. 210 ; *Dugan* v. *Bridge Co.,* 27 Pa. 303 ; *Comm.* v. *E. & N. R. R. Co.,* 27 Penn. St. 339 ; *Allegheny* v. *O. & P. R. R. Co.,* 26 id. 355 ; *Comm.* v. *C. R. R. Co.,* 52 id. 516 ; *R. & G. R. R. Co.* v. *Reid,* 64 N. C. 158 ;. *Bridge Co.* v. *H. Co.,* 13 N. J. Eq. 81 ; *B. G. R. R. Co.* v. *Warren Co.,* 10 Bush. [Ky.] 771 ; *Marion Savings Bank* v.. *Dunkin,* 54 Ala. 471 ; *F. R. R. Co.* v. *P. R. Co.,* 10 Fla. 145.)

DANFORTH, J. The defendant, under the act of 1860, chap-- ter 512 (passed April 17, 1860), was authorized to operate and use a railroad upon certain streets in the city of New York,,

..and among others Grand street east of East Broadway, subject, among other things, " to the payment to the city of the same .license fee annually for each car run thereon as is now " (April 17, 1860) " paid by other city railroads in said city." The ·franchise was accepted and the defendant, under the proof concerning license fees paid by other then existing railroads, became liable to pay fifty dollars for each two-horse car and twenty-five dollars for each one-horse car run by it on the .streets named. This result follows from the decision of this ·court in the case of the *Mayor, etc.,* v. *Broadway and Seventh Avenue Railroad Company* (97 N. Y. 275), where a statute containing similar provisions was considered, and concerning that liability no question now arises.

In 1866 (Laws of that year, chap. 883), the defendant was .authorized to extend its tracks from the junction of East Broadway and Grand street through Grand street and other .streets to the North river, subject, however, in case it accepted the franchise conferred by the act, to the payment into the ·treasury of five per cent of the net proceeds of the cars run on such extension; and (§ 7) all acts and parts of acts inconsistent with the provisions of the act were repealed, so far as they were in conflict therewith. Some rights in other streets were acquired under other acts (Laws of 1866, chaps. 866–868), but they contain no provisions respecting license fees or compen- .sation to the city. Under these various acts the defendant, .since 1866, has operated four distinct railroad routes under separate names, one of which is designated as the " Grand Street Line."

It is operated by cars run separately from those of other .lines and over the streets named in the act of 1866 (chap. 883), .in connection with some of those named in the other act of 1866 (*supra*), and through Grand, Greenwich and Washington .streets to East Broadway, streets designated and indicated in the act of 1860 (chap. 512). The defendant has paid per- ·centages of its receipts for cars running over this route, as provided by the act of 1866 (chap. 883), and the question for our determination is whether it is also liable to pay a license

fee under the act of 1860 (chap. 512). If, as the learned counsel for the appellant contends, the grant expressed by the act of 1866 (chap. 883), and its acceptance constitute a contract between the defendant and the state, it is to be construed as the language of the defendant, who derives a great privilege under it, and if either from ingenuity or carelessness it fails in expression and leaves a doubt as to its meaning, the doubt should be solved against the company, and liberally in favor of the public. The defendant can claim nothing that is not clearly given to it by the act. In this view the case was treated by the General Term (4 Hun, 199). We find no difficulty, however, in sustaining the judgment upon the plain language of the several statutes. By the act of 1860 (*supra*), the license fee is imposed upon every car running upon the streets named in it. It being conceded that its cars are operated on those streets, it is for the defendant to show exemption from the tax. To that end the learned counsel for the appellant claims that the act of 1866 (chap. 883), repeals the license provision of the act of 1860.

That would be so if either the provision made for compensation to the city, by the act of 1866, conflicted with the provision in the act of 1860, or if it covered the whole subject. It seems to do neither. The several schemes control different groups of streets, and although the last, that of 1866, is described as an " extension," the act authorizing it does not profess to be, and is not in any sense an amendment of the first, that of 1860. Each franchise stands upon the authority of, and subject to the burden imposed by a distinct statute, and if the defendant avails itself of the privileges offered by both, we see no ground on which it can be relieved from paying the price exacted. The two statutes are not contrary in matter, they lead to no absurd consequences, and it cannot be doubted that, had the legislature intended that one should in any respect abrogate the other, or that any provision in one should stand in lieu of any provision in the other, that intention would have been expressed. It has not been, and there is nothing in the words used from which it can

be implied. Both statutes are in operation. If placed side by side, nothing can be found in one inconsistent with anything found in the other; and if the defendant pays the license fee prescribed by the first and the percentage called for by the other, and so complies with the conditions upon which the company received in succession the respective franchises, it will not have made a double payment nor have paid twice for the same thing.

We agree, therefore, with the General Term, and think its order should be affirmed, and in pursuance of the stipulation the plaintiff have judgment absolute

All concur.

Judgment accordingly.