Per Curiam.*
—There are two points at issue in this controversy which has sprung out of the facts agreed upon.
As to the first point,—namely, whether the foreclosure action was properly brought in the name of Minnie *429 Bayer, general guardian, as sole plain US’,—we think that there can be no doubt that the action was properly brought in her name, she being a trustee of an express trust within the meaning of the Code.
As to the second point, we entertain no doubt that under the facts and circumstances disclosed, the guardian had the right to sell the property without obtaining an order of the court therefor, and for these reasons the plaintiff is entitled to judgment, but without costs, according to the stipulation.
Note on Executors, Guardians, &c., Buying in.
A guardian or other trustee who purchases in his own individual name—a method which has sometimes been resorted to from the mistaken idea that its legal effect would be to facilitate resale—runs the risk of involving the title in the claims of his creditors in case of insolvency before sale is effected, or in the claims of his heirs in case of death, and does not avoid the possibility of objections to title on the ground of the existence of the trust.
Such a purchase is voidable at the election of tlie cestuis que trustent, and relief may be given against one to whom the trustee purchasing in his own name has conveyed or mortgaged with notice of the facts. Dodge v. Stevens, 94 N. Y. 209.
The decision in the text indicates the proper course for a guardian, executor, or other trustee in buying in to take title in his own name, and as guardian if it be desired, to hold the property so that it can be sold without such formalities as may be required if the purchase was in the name of the ward or cestui que trust; but the conveyance better not merely describe the grantee by the addition “ guardian,” but make him a party as guardian.
The embarrassment of taking title individually is often enhanced by the difficulty attending the establishment of a trust by oral evidence. For the mode of doing this, see Foote v. Bryant, 47 N. Y. 544; aff’g Foote v. Foote, 58 Barb. 258; and for Note on Actions to Establish Trust, see 13 Abb. N. C. 334.
The following recent cases illustrate the effect of buying in.
Where an administratrix purchased in her own name property once belonging to her testator, and sold by a receiver of his property for the benefit of his creditors, but the purchase was made under such circumstances that she did not purchase as trustee to protect the property, —Held, that the purchase did not inure for the benefit *430 of creditors, and that the administratrix could not be compelled to account therefor. Peters v. Carr, 2 Dem. 22.
Where an executor loans money belonging to the estate, and takes the bond and mortgage in his own name, payable to himself individually, in case of default the cause of action accrues to him individually, and can be enforced by his personal representatives only. [Distinguishing Walton v. Walton, 4 Abb. Ct. App. Dec. 512; Luers y. Brunges, 56 How. Pr. 282; and citing Dale v. Roosevelt, 8 Cow. 333; Patterson v. Patterson, 59 N. Y. 574; Austin v. Munro, 47 N. Y. 360; Ferrin v. Myrick, 41 N. Y. 315.] Caulkins v. Bolton, 98 N. Y. 511.
A trustee who holds, as such, the title to lands subject to a mortgage, cannot, upon the mortgage being foreclosed and the property bid in by the mortgagee, take an assignment of the bid and a deed from the referee. A title so acquired is defective in the hands of a purchaser with notice. [Citing Gardner v. Ogden, 22 N. Y. 327; Forbes v. Halsey, 26 Id. 53, 65; Abbott v. American Hard Rubber Co., 33 Barb. 578; Fox v. Mackreth, 1 Lead. Cas. in Eq. (H. & W.) 188, 255; Obert v. Obert, 2 Stock. Ch. 98; aff’d in 1 Beas. 423 ; Rosenberger’s Appeal, 2 Casey, 67; Wortman v. Skinner, 1 Beas. 358. Toole v. McKiernan, 48 Super. Ct. (J. & S.) 163.
A deed by an executor and another deed, dated four days later, by his grantee to the executor personally, both recorded on the same day, with an interval of but five minutes between,—Held, presumptively to constitute but a single transaction, in which the executor acted in the double capacity of vendor and purchaser of the trust property, and that the title conveyed was therefore voidable by the beneficiaries under the will. [Citing Davoue v. Fanning, 2 Johns. Ch. 252; Gardner v. Ogden, 22 N. Y. 327; Forbes v. Halsey, 26 Id. 53; Van Epps v. Van Epps, 9 Pai. 237; Duncomb v. N. Y., Housatonic, etc. R. R. Co., 84 N. Y. 199.] People v. Open Board of Stock Brokers’ Bldg. Co., 92 N. Y. 98; rev’g in part 28 Hun, 274,
In affirmance of a like principle, it was held, that whoever receives property, knowing that it is the subject of a trust, and has been transferred by the trustee in violation of his duty or power, takes it subject to the right, not only of the cestui que trust, but also of the trustee, to reclaim possession or to recover for its conversion. [Citing Briggs v. Davis, 20 N. Y. 15; Western R. R. Co. v. Nolan, 48 N. Y. 513.] Wetmore v. Porter, 92 N. Y. 76.
Upon somewhat the same principle, executors who foreclose and buy in have power to sell the real property thus purchased, although there be no express power contained in the will, so that if the prop- ■ *431 erty had belonged to the testator they could not have sold it. Cook v. Ryan, 29 Hun, 249.
The insertion of the words, “guardian or executor,” &c., after name, may operate as notice of the rights of those for whom he is trustee. Fellows v. Longyor, 91 N. Y. 324.
On the question of the right, as between life beneficiary and beneficiary in remainder, to a profit made by buying in at the first sale, see Roosevelt v. Roosevelt, 5 Redf. 264, and other authorities collected in Abbott's Ann. Digest 1882-3, 471.

 Present, Brady, P. J,, Daniels and Macomber, JJ.