MARY ANN JACKSON, Appellant, *v.* SARAH P. BADGER et al.,
Respondents.

The fact that a conveyance of land was voluntary does not alone, in the
absence of other proof, warrant a finding of fraud as against creditors
of the grantor.

(Submitted March 1, 1888; decided April 10, 1888.)

APPEAL from judgment of the General Term of the Supreme
Court in the second judicial department, entered upon an order
made September 23, 1885, which affirmed a judgment entered
upon an order dismissing the complaint.

This action was brought to set aside certain deeds as
fraudulent.

The following is the opinion in full:

" The question of fraud in this case was one of fact.
The circumstances admitted in evidence as bearing upon
that inquiry were not so unequivocal as to compel an
inference of fraud, but could exist consistently with an
innocent intent and an honest purpose. The conveyance
assailed was that made by Mrs. Badger to Warren, and by the
latter back to her as trustee for her daughter. At the date of
this transfer an action of foreclosure was pending in which a
personal judgment for any deficiency was asked against
Mrs. Badger. There was thus outstanding a contingent
liability which might or might not ripen into a debt. But
when she conveyed to Warren she declares she was ignorant
of the foreclosure claim, and all parties seem to have been
confident that no deficiency would result, and that the premises
were an adequate security for the mortgage and would sell for
its amount. It was further claimed that the deed to Warren
was voluntary. That fact, if true, did not warrant, in the
absence of other proof, a finding of fraud. But the evidence
that it was voluntary is not all one way. The deed to Warren
recited a consideration of $9,000. It appeared that Mrs. Badger
had borrowed considerable sums of Warren for the benefit of
her husband, and that something was given for the deed,
though what neither party appeared able to state. It was
disclosed that the land in question had been originally given

to her by her husband through Warren. Apparently that was a gift from him to her which by the conveyance attacked was changed to title in her as trustee for her daughter. The plaintiff's debt was not contracted in any reliance upon her ownership, and the creditor has no equity against the land. What was meant as a means of support for mother and daughter is sought to be diverted to the payment of an unexpected debt of the mother. Upon this state of the case the inference of intended fraud does not arise as matter of law. It is by no means an inevitable conclusion, and should properly be treated as a question of fact. The finding that the transfer was not with a fraudulent intent was one possible and quite reasonable upon the facts disclosed, and is conclusive upon us.

" The judgment should, therefore, be affirmed, with costs."

*Thomas Darlington* for appellant.

*John J. Enright* for respondents.

FINCH, J., reads for affirmance.
All concur.
Judgment affirmed.