MARGARETTA REMSEN et al., Appellants, *v.* GEORGE S. WHEELER et al., Respondents.

Where money has been voluntarily paid to a city to discharge an assessment, the plaintiff in an action to recover back the money has the burden of showing that the assessment was void.

An assessment for flagging a street in Brooklyn was made against one P. as owner.  In an action to recover back the amount of the assessment which had been voluntarily paid, on the ground that P. was not the owner, it appeared that he held the property under a lease executed by two of three trustees to whom the land was devised in trust for the benefit of E. during life, with power to allow E. to occupy or rent.

The lease was executed at the request of E., she having conveyed all her interest in the land to P. in consideration of an annuity to be paid by him. Said lease was known to all the heirs and parties interested in the land; the annuity had been paid for many years and the validity of the lease had never been disputed by any one. There was no evidence that the other trustee was living when the lease was executed. *Held*, that as the invalidity of the lease was not established, plaintiff failed to show the assessment was not properly made to P.

Reported on former appeal, 105 N. Y. 573.

(Argued May 9, 1890; decided June 3, 1890.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made February 11, 1889, which reversed a judgment in favor of plaintiffs entered upon a decision of the court on trial at Special Term, and ordered a new trial.

This action was brought to restrain defendant the City of Brooklyn from paying to defendant Wheeler a sum paid on behalf of plaintiffs to redeem certain lands owned by them in said city from sales on unpaid assessments, on which sales Wheeler was the purchaser, and to compel the city to pay the same to plaintiffs.

The following is an extract from the opinion:

"This case has been here before (105 N. Y. 573), and the decision then rendered makes it unimportant that much should be written now, as the essential facts are not materially changed. Upon the last trial the court held that both the flagging assessment and the water rates were void and rendered judgment in favor of the plaintiffs. The General Term held that the flagging assessment was valid, and hence reversed the judgment of the Special Term and granted a new trial. We need now, therefore, to concern ourselves only with the flagging assessment.

"The money was voluntarily paid to the city of Brooklyn to discharge the assessment claimed by it and the defendant Wheeler to be valid; and the plaintiffs seeking to recover back the money thus paid have the burden of showing that the assessment was void. The defendants have the money and can hold it until the plaintiffs can show a better right thereto.

"The land assessed originally belonged to Thomas Poole, who died in 1831, leaving a will in which he devised the land to his executors Margaret H. Poole, William Powers and Peter Wyckoff, in trust, that they might, in their discretion, permit his daughter Eliza to occupy the same during her life, or that they might rent the same during her life from year to year, or for a longer term, and receive the rents and profits accruing from the same, and therewith make all necessary repairs, and pay all taxes and other necessary charges and expenses in and about the same, and then annually pay over the residue of such rents and profits to his daughter during her life for her sole use and benefit. In December, 1855, the daughter, together with her husband, conveyed all her interest in the land and the rents and profits thereof to George A. Powers, in consideration of a clear annuity of $800, to be paid to her quarterly during her life; and on that day she requested William Powers and Peter Wyckoff, two of the executors named in the will of Thomas Poole, to execute and deliver to him a lease of the land during her life. Whereupon on the same day they did execute a lease to him for her life, in consideration of the annuity to her of $800. This conveyance and the lease were both recorded in the register's office of Kings county. The flagging assessment was assessed upon the land to George A. Powers, as owner, and the sole allegation against the validity of the assessment made in the complaint, and so far as appears upon the trial, was that Powers was not the owner; and this claim is based upon the fact that the lease to him was executed by but two of the three trustees named in the will. The lease was executed twenty-four years after the death of Thomas Poole. It was known to all his heirs and was a matter of common knowledge to all the parties interested in the land. The annuity, as we must assume, had been for many years paid by the lessee Powers, and it does not appear that anyone ever disputed the validity of the lease. The beneficiary of the trust treated the two trustees as the only persons empowered to execute the lease, as she called upon them to execute it. There is no evidence that the third trustee was living, and if living she may have renounced and been discharged from the trust. Under such

circumstances, we think that the plaintiffs have failed to show that the lease was absolutely void, and that the assessment was not properly made against Powers as owner. We must certainly, in the absence of proof to the contrary, assume that the assessors made inquiry and found that Powers had a valid lease, and, therefore, treated him as owner. They were not bound to disregard a lease which was treated as valid by all the persons interested therein, and who alone could question its validity."

*A. P. Bates* for appellants.

*Jesse Johnson* for respondents.

EARL, J., reads for affirmance.
All concur, except FINCH, J. not voting.
Judgment affirmed.