GEORGE POOLEY, Respondent, v. THE CITY OF BUFFALO,
Appellant.

*It seems* that when the alleged illegality upon which relief against an assess-
ment is founded is patent upon the record on which the person claiming
under it must rely to support his claim, the owner of the land is not
entitled to affirmative relief to remove it, as in the legal sense it is not a
cloud upon the title, or prejudicial to him.

So also, although the infirmity may not appear on the record, if the claim-
ant cannot establish his claim without developing the defect which will
defeat it, the owner of the land cannot have affirmative relief.

The same principles apply to an action having in view the recovery of money
paid by the owner upon an assessment unless it was made by those
having no jurisdiction to make it, or unless the payment was made
under coercion in fact.

*It seems*, also, where the charter of a municipality provides that it shall be
presumed that every assessment made is "valid and regular, and that
all the steps and proceedings required by law were taken and had until
the contrary shall be made to appear," this presumption entitles a
person whose land is assessed to relief, when the illegality of the assess-
ment is shown, and it rests in something *de hors* the record.

*Phelps* v. *Mayor, etc.* (112 N. Y. 216), distinguished.

In an action to recover money paid upon an assessment on property in
Buffalo the court found that certain persons whose lands were assessed
filed with the city clerk objections to the roll, and that he reported the
filing of such objections to the common council, but did not lay the
roll or objections before that body, nor did it at any time have or con-
sider such objections as required by the city charter (§ 14, tit. 6, chap.
519, Laws of 1870). By the charter (§ 36, tit. 7) it is declared that it
shall be presumed that every assessment made under it is valid and
regular, and that all proceedings required by law were taken unless the
contrary appears. *Held*, it could not be assumed that any of such
objections were made by the plaintiff or any of his assignors, or that
they or any of them went to the validity of the assessment; that as the
burden was upon plaintiff to prove the facts entitling him to relief, it
was necessary to show that he was or may have been in some manner
prejudiced by the failure of the common council to consider the objec-
tions made; and that in the absence of any evidence justifying a finding
of some fact showing the illegality, the action was not maintainable.

(Submitted January 14, 1891; decided January 22, 1891.)

THIS was a motion by plaintiff for a reargument.
The case is reported in 122 N. Y. 592.

*Tracy C. Becker* for motion.

*George M. Brown* opposed.

BRADLEY, J.    The able argument presented by counsel in support of the motion requires the statement of some reasons for its disposition.    The general principles applicable to cases in which is involved the question of equitable relief of the character of that sought in this action are quite well settled. The controversy in this action has relation to an assessment upon the lands of plaintiff and others to pay the expense of a local improvement in the city of Buffalo.    Upon that subject it may be said that when the alleged illegality upon which relief against an assessment is founded is patent upon the record upon which the person claiming under it must rely to support his claim, the owner of the land is not entitled to affirmative relief to remove it, because it condemns itself, and in the legal sense is not a cloud upon the title, nor prejudicial to him ; and although the infirmity may not appear on the record, if the person claiming any right under the assessment cannot effectually do so for the reason that in his evidence to establish it he must develop the defect which will defeat his claim ; then the owner of the land cannot have affirmative relief for the same reason, and the same principles are applicable to an action having in view the recovery of money paid by him upon an assessment, unless it was made by those having no jurisdiction to make it, or unless the payment was caused by coercion in fact.    The plaintiff's counsel contends that this case falls within neither of those classes, but in that which permits a recovery and relief when the claimant's right presumptively arises upon the production of the instrument, which he has received as the evidence of it and the defeat of that which it purports to give is matter of defense, and such defense is dependent upon extrinsic facts.    As urged, the presumption given by the Buffalo city charter that every assessment made under it is valid and regular and that all the proceedings requisite were taken and had until the contrary appears, entitles a

person whose land is assessed to relief against it when the illegality of the assessment rests in something *de hors* the record. And in respect to such presumption the present case is distinguishable from that of *Phelps* v. *Mayor, etc.* (112 N. Y. 216). In the charter of the city of New York, upon which the latter case arose, the presumption of regularity does not arise until the lease is made pursuant to a sale of land on non-payment of an assessment. But in no case can the purchaser be in any situation to assert any claim to the property founded upon his purchase until it is perfected by lease or conveyance, as provided by the statute, pursuant to which the assessment and sale are made. And the maintenance of an action by the owner of the property for relief against an assessment before the demise or conveyance is perfected, must be dependent upon the legal presumption given by law to the assessment or to the instrument subsequently made evidencing or perfecting the sale, and in the latter case upon well-founded apprehension that the steps productive of such presumption would be taken and that it would arise. And then such existing or apprehended presumption would not support the action unless the facts which constituted the illegality of the assessment were extrinsic the record. There is a further distinguishing feature between the statutes upon which the *Phelps* case and the present one arose as to the extent of the presumption. In the former the provision is that the lease " shall be presumptive evidence that the sale and all proceedings prior thereto from and including the assessment    *    *    *    were regular and according to the provisions of the statute," and in the other the provisions are that it shall be presumed that every assessment made is " valid and regular, and that all the steps and proceedings required by law were taken and had until the contrary shall be made to appear," and that the declaration of sale, which is effectual as a lease, " shall be presumptive evidence that the assessments    *    *    *    were legally imposed, that due proceedings to authorize the sale were had, and that the sale was regular." It is suggested that the *Phelps* case is distinguishable from and not applicable to this case, because, while the statutory

presumption applicable to the latter embraces not only the assessment, but all the proceedings upon which it was founded, the presumption in the New York city charter only reaches back to and includes the assessment, and, therefore, the purchaser to support the claim would be required to prove the validity of the resolution of the common council pursuant to which the assessment was made. That may be so, but the decision of the *Phelps* case was not placed on that ground. It was there distinctly held that the plaintiff was chargeable with notice of the defective resolution, and for that reason could not recover back the payment made on the assessment. That was the sole ground upon which the determination was made. And Judge GRAY, in speaking for a unanimous court, said : "For the purposes of this case the sole question which we shall consider is, whether this ordinance on its face carried with it notice of the illegality of the corporate act, not whether matters *de hors* the record otherwise established the invalidity of the assessment. If the ordinance was on its face void then the plaintiff cannot plead ignorance of the law in justification of the payment. The principle is elementary that " a party cannot recover back money paid upon the ground that he supposed that he was bound in law to pay it," and added that "when the ordinance or the resolution directing a local improvement, is essentially illegal as violating in its provisions the statutory power conferred upon the common council, the payment of an assessment imposed for the expense incurred under its authority, is a mistake of law, and in such case relief cannot be granted." The doctrine of that case is, therefore, applicable to the resolution of the common council directing the work of improvement. But it is unnecessary for the purposes of this case to seek to apply the rule announced in the *Phelps* case to the vote as recorded, adopting the resolution. The burden was with the plaintiff to prove a substantial illegality in the proceedings invalidating the assessment to support his action. (*Remsen* v. *Wheeler*, 121 N. Y. 685.) As the record of the common council appears here, the resolution was adopted by a two-thirds vote, as well as by the vote in the affirmative of

two-thirds of the whole number of the members of that body. Such record alone viewed without or with reference to the city charter shows an adoption of the resolution by the requisite vote, and if it was in fact otherwise, its impeachment was for the plaintiff to prove.

But the main objection has relation to the disposition made so far as, represented by such record of the objections made to the assessment-roll prior to its confirmation. Although it does not appear in the evidence by whom the objections were made or that they were made by any person interested in it, no question in that respect arises because no exception was taken to the finding of the trial court on that subject. We did not nor did we intend on the review of the judgment to express any opinion upon the question whether it appeared by the record that there was any substantial irregularity or illegality in the proceedings of the common council in that respect affecting the validity of the assessment, but treated what did appear there as not *de hors* the record of the assessment. If this view in its application to this case may be regarded as in advance of the rule upon the subject, there is a further reason why a new trial was properly granted. The trial court found that the work was not ordered by a two-thirds vote of all the members of the common council. In the view already expressed upon that question there was no evidence to support such finding, and the exception to it was well taken. And although that finding, if sustained, would support the conclusion of law, it does not appear whether or not the latter was placed upon that ground; and if there was any other finding which would necessarily support such conclusion, the error arising upon that exception might be disregarded. The question, therefore, arises upon the finding that certain persons whose lands were assessed in the assessment filed with the city clerk objections to the roll, and that the city clerk reported to the common council that objections had been filed to the roll, but did not lay such roll or such objections before that body, nor did it at any time hear or consider such objections. It cannot be assumed that those or any of such objections were made

by the plaintiff or any of his assignors, or that the objections or any of them went to the validity of the assessment. In view of the fact that the burden is upon the plaintiff to prove the facts entitling him to relief, it must be made to appear that he was or may have been in some manner prejudiced by the failure of the common council to consider the objections which were made. That may have been dependent upon their nature or pertinency. If they were founded solely upon the supposed prejudice to those making them, and the objections not against the legality of the assessment, it would not necessarily concern the plaintiff. It cannot, without some evidence tending to prove what the objections were, be presumed that their nature was such that the consideration of them may have in any view resulted beneficially to the plaintiff. And this is so because it may be seen that objections of such nature may have been made that the consideration of them could not have inured to the advantage of any person assessed other than those making them, and consequently such other persons could not be prejudiced by the omission to consider them. The character of the objections not appearing, their pertinency cannot be the subject of consideration. It seems to follow that the conclusion of law found by the court was not supported by the finding as made on the subject of the objections filed with the city clerk to the roll. The defendant excepted to the finding that the roll or objections were not laid before, nor the objections heard or considered by, the common council. The only evidence bearing upon that fact appears in the record of the proceedings of that body. And whether that was such or sufficient to establish the facts so found, it is, in the view here taken, unnecessary to determine. The negative of the fact is not there stated, and whether it is necessarily excluded by what does there appear may be questionable. And inasmuch as the clerk of the common council called its attention to the objections, and assuming they were such that the duty to consider them was essential to the validity of the assessment, the question may arise whether or not the presumption may not be permitted that it was done. Whatever they were, it appears

by the act of confirmation of the roll that the objections were overruled.

The motion for reargument should be denied.

All concur, except HAIGHT, J., not voting.

Motion denied.