JOHNSON *v.* JOHNSON *et al.*

(*Supreme Court, General Term, Fifth Department.* April 16, 1891.)

EVIDENCE—RECORDS OF COURTS OF ANOTHER STATE.

　　The report of commissioners appointed by a probate court of another state to ascertain and report to the court what debts, if any, exist against the estate of a decedent, on which report no judgment, decree, or order appears to have been entered, is not admissible, under Code Civil Proc. N. Y. § 952, which provides that "a copy of a record or other judicial proceeding of a court of a foreign country is evidence, when authenticated," etc., in an action brought in New York to set aside a conveyance by decedent of land in that state as in fraud of creditors, to prove the existence of the debts stated in such report.

Appeal from judgment on report of referee.

Action by Delos I. Johnson, as administrator, against George W. Johnson and Devillo Johnson. There was a judgment for defendants, and plaintiff appeals.

Argued before DWIGHT, P. J., and MACOMBER and CORLETT, JJ.

*George L. Kingston,* for appellant. *Orra L. C. Hughes,* for respondents.

CORLETT, J. In November, 1888, the plaintiff brought an action to set aside a deed of 20 acres of land in the town of Alden, Erie county, N. Y., upon the ground that it was fraudulent as against creditors. Issue was joined, the action was referred, and the referee reported in favor of the defendants, dismissing the complaint. Judgment was entered upon the report, and the plaintiff appealed to this court. Before 1884, John Johnson, a farmer, the deceased, lived in Alden, Erie county, N. Y. At the request of his children he moved to East Thetford, Genesee county, Mich., where his four sons and one daughter lived. He died there intestate, on the 1st day of October, 1887, leaving him surviving the above children. At the time of his death he was not possessed of any estate except a small amount of personal property. The evidence tended to show that the deceased in his life-time was active, industrious, and economical. Nothing appears indicating that he had knowledge of any outstanding debts during his life-time. The evidence tends to show that he never owed debts which he was unable promptly to pay. Letters of administration were issued to the plaintiff upon the estate of the deceased in Michigan on the 7th day of November, 1887, and in January, 1888, ancillary letters were issued in Erie county. On the 29th day of September, 1887, the deceased, in consideration of love and affection, conveyed the following premises to the defendants: "All of a certain piece or parcel of land situate and being in the town of Alden, in the county of Erie, and state of New York, and described as follows, to-wit: Part of lot fifty-two, in township eleven, (11,) range five, (5,) bounded as follows: Beginning at a point four chains and ninety-eight links west from a stake in the north-east corner of lot number fifty-one, (51;) thence westerly, on line of said lot number fifty-one, four chains and ninety-eight links; thence northerly, at right angles with said last-mentioned lines, forty chains and nineteen links, to a stake; thence east, parallel with said southerly bounds, four chains and ninety-eight links; thence southerly, on a line parallel with the westerly line of said lot, forty chains and nineteen links, to the place of beginning,—containing twenty acres of land, be the same more or less." On the 7th day of November, 1887, the judge of the probate court of the county of Genesee, in Michigan, made the following warrant or order:

"You are hereby nominated and appointed commissioners, with full power and authority to receive, examine, and adjust all claims and demands of all persons against the estate of John Johnson, late of said county, deceased, and (being first duly sworn to the faithful discharge of your duties) within sixty days from the date hereof you are to appoint convenient times and places when and where you will meet for the purpose of examining and allowing

such claims, and give notice thereof, and of the time hereby allowed for creditors to present their claims, by posting up the same in four public places in said county, to-wit, two in Mount Morris village, and two in city of Flint; and also by publishing such notice four weeks successively in the Flint Globe, a newspaper printed in the county of Genesee. And either of you are authorized to administer oaths to parties and witnesses, when the same shall be required or proper, before the investigation or trial of questions before you. And six months from the date hereof are allowed by said court to the creditors of said estate to present their claims to you for examination and allowance; at the expiration of which time, or as soon thereafter as you shall be able to complete the hearings of the claims presented, you are to make a report of your doings to said probate court, embracing lists of the claims presented or exhibited in set-off, and stating how much thereof were allowed and how much disallowed, together with a final balance, (which shall include interest to the date of your report,) whether in favor of such creditor or estate. You are to note in distinct classes the claims allowed by you in pursuance to this warrant, in the following order: (1) The expense of the last sickness of said deceased; (2) debts having a preference by the laws of the United States; (3) debts due other creditors. You will particularly state the manner of giving notice to the said claimants, and exhibit a plain and true account of your care and labor in examining the claims aforesaid, that you may be entitled to meet recompense therefor out of the said estate. Finally, you are to make due return of this commission, with your doings thereon, in all things required by law. Witness the said Henry R. Lovell, judge of probate, as aforesaid, under his hand and the seal of said court, at city of Flint, this 7th day of November, in the year of our Lord one thousand eight hundred and eighty-seven.

[Seal.]          "HENRY R. LOVELL, Judge of Probate for said County."

Those commissioners accepted in the following form:

"*State of Michigan, County of Genesee—ss.:*   On the eleventh day of November, A. D. 1887, there personally appeared George W. Walker, James Van Vleet, and John Algoe, the above-named commissioners, and made oath that they would faithfully and impartially discharge the trust reposed in them by the foregoing commission, as required by law.

"Before me,                    JARED VAN VLEET, Notary Public."

Afterwards the commissioners made their report without date, which is certified by the probate register on the 21st day of January, 1890. This is followed by another certificate, to the effect that the surrogate's court is one of record. Nothing appears in the case showing whether any judgment, decree, or order was entered upon this report in the surrogate's court, or what steps were taken in reference to it. No appeal was taken from the report. There was no evidence that the deceased owed any debts except those stated in the commissioners' report. The learned counsel for the appellant does not claim that the deed would not have been valid unless executed to defraud creditors. The referee on the trial admitted this report in evidence, but in deciding the case rejected it, upon the grounds stated in his twelfth finding of fact: "*Twelfth.* That there being no order confirming the commissioners' report as to the alleged claims against the estate of John Johnson, deceased, it is not a final adjudication and binding upon this court as to the facts therein reported, no evidence having been adduced that the same was ever presented to the probate court of Genesee county, Michigan, for confirmation, or for any other purpose whatever."

The central contention of the learned counsel for the appellant is that the report of the commissioners was competent and conclusive evidence of the facts stated in it. He does not argue that there was any proof that the deceased owed any debts, unless it was established by the report. Section 952 of the Code of Civil Procedure is as follows: "A copy of the record, or other

judicial proceeding, of a court of a foreign country, is evidence, when authenticated as follows;" then comes the attestation.   It will be observed that this section has reference to a record or an adjudication made by a court.   It does not include a report made by commissioners appointed by the court, which report by its terms was to be made to the court.   If the question of fraud was involved, the fact that a conveyance was voluntary would not, without further proof, establish it.   *Jackson* v. *Badger*, 109 N. Y. 632, 16 N. E. Rep. 208.

Attention has not been called to any statute or decision making the report of commissioners appointed by a surrogate's court in another state evidence in this state, in the absence of proof showing that a judgment or adjudication by a court of competent jurisdiction was entered upon it.   The report of the commissioners on its face fails to show what proof, if any, was offered to establish the debts allowed by the commissioners.   It contains no recitals on that subject.   Where the right of property is involved, it is not seen upon what principle such a report as appears in the case at bar, made in another state, can be treated as evidence upon a controlling question in an action in this state.   It certainly is not evidence, in the absence of statutory provision. The weight which shall be attached to the records of other states upon trials in a court in this state must depend upon the statutes of New York.   Great mischief might result by treating the simple report of commissioners appointed by a foreign tribunal as evidence, much less as conclusive evidence, against the estate of a deceased.   The intestate, Johnson, *prima facie* had a right to dispose of his property as he saw fit.   He did so in a legal manner, except as against creditors, by his conveyance.   But before his deed can be overthrown on this ground the existence of a debt must be established.   The only ground in the case at bar that he owed any debt was the report of the commissioners. There is an entire failure of proof on the part of the plaintiff to establish this proposition.   The action, therefore, cannot be maintained.

The argument of the learned counsel for the appellant, that errors were committed in the admission of evidence on part of the defendants, becomes unimportant, in the absence of proof showing a right to recover in any event. It follows that the judgment appealed from must be affirmed.   All concur.