(5 Misc. Rep. 309.)

### HOWE et al. v. STRIKER.

(Superior Court of New York City, Equity Term. October 23, 1893.)

FRAUDULENT CONVEYANCES—DEED BY INDIVIDUAL TO HIMSELF AS TRUSTEE.

A deed made by a person individually to himself as trustee under a will is a lawful grant, in the nature of a declaration of trust in favor of such estate, which a creditor of the grantor can attack only on proof that it was fraudulently made, with intent to hinder, delay, and defraud the creditors of the grantor.

Action by William F. Howe and A. H. Hummel against Elsworth L. Striker, individually and as trustee under the will of Joseph M. L. Striker, to set aside, as in fraud of creditors, a deed made by defendant individually to himself as trustee under said will. Complaint dismissed.

David Leventritt, for plaintiffs.
Bliss & Schley, for defendant.

McADAM, J. The bill was filed by the plaintiffs, as judgment creditors, to declare void a deed of real estate executed by Elsworth L. Striker individually to the said Elsworth L. Striker as trustee under the will of Joseph M. L. Striker, deceased. The grounds assigned for the relief are (1) that the transfer was made without consideration, and to defraud the creditors of the grantor; (2) that the deed has never been recorded.

The difficulty in proving an effectual delivery in such a case is obviated here by an allegation of the complaint alleging the execution and delivery of the deed, so that it must be implied that the

delivery was in legal form. The answer admits that the deed had not been recorded at the time the action was commenced. The question in limine is whether such an instrument has the effect of a grant. The rule undoubtedly is that a man cannot contract with himself, and for the reason that there can be no contract without two parties. Bish. Cont. (Ed. 1887,) § 318. But the courts have always recognized and preserved the distinction between the acts of an individual as such, and those of the same person acting in an official or representative character, by treating them as performed by separate entities. Thus, in Landon v. Townshend, 112 N. Y. 93, 19 N. E. 424, it was held that to bind the estate of a bankrupt in the hands of his assignee by a judgment of foreclosure in a suit commenced after the bankruptcy, and after title to the mortgaged property has become vested in the assignee, it is indispensable that the suit be brought against him in his representative or official capacity. In Collins v. Hydorn, 135 N. Y. 320, 32 N. E. 69, it was held that a former judgment concludes a party only in the character in which he was sued, and so a judgment for or against an executor, administrator, assignee, or trustee, as such, presumptively, does not conclude him, in an action affecting him personally, from disputing the findings or judgment, although the same questions are involved. See, also, Rathbone v. Hooney, 58 N. Y. 463. While a trustee cannot individually become the purchaser of any part of the trust estate, (for this might put his interest in conflict with his duty,) it does not follow that the estate may not acquire title from him. Thus, the owner of property may convert himself into a trustee without transmitting the possession, by making a proper declaration of the trust in writing. Tiff. & B. Trusts, 354. An executor may account and be discharged as such, and continue as trustee in performing the trusts of the will; the moneys in his hands being, by the terms of the decree, directed to be paid over to and held by himself in the new official capacity. See Cluff v. Day, 124 N. Y. 195, 26 N. E. 306. Decrees of court frequently direct a person in a representative capacity to pay to the same person, as an individual, specified moneys, or to transfer to him certain securities, and vice versa, and so of a person in one capacity to the same individual in another official character; legal entities receiving the same recognition, whether natural or artificial. The rule has been found necessary to protect rights and adjust equities, and equity will enforce it in proper cases. A trustee owing a debt to an estate may draw his individual check to his own order as trustee, deposit such check to the credit of the trust account, and, if paid, no creditor of his can attack the payment, except for fraud, which would have to be proved by the party charging it. Suppose mortgages, through error, are made to a trustee, without adding his official designation. He would nevertheless hold the title thereto in trust for his beneficiaries. Bayer v. Phillips, 17 Abb. N. C. 429, note; Walton v. Walton, 4 Abb. Dec. 512; Luers v. Brunges, 56 How. Pr. 282. He would certainly not be disqualified from making a formal declaration of the trust in the form of transfers to himself in his official character, for this would be merely evidencing a fact he could not truthfully deny. While they would

conclude him, the beneficiaries, and they alone, could question the correctness of the act. The deed from Striker individually to himself, in his representative capacity as trustee of the estate of Joseph M. L. Striker, is a lawful grant in the nature of a declaration of trust in favor of such estate, which a creditor of the grantor can attack only upon proof that it was fraudulently made, with intent to hinder, delay, and defraud the creditors of the grantor, and there is no such evidence in the case. The will itself shows that the purpose of the testator could be carried out by a conveyance to the trustee as such, and that his intention would have been defeated by a transfer in any other form. Striker was able to make the grant, and the estate capable of taking it through him as trustee. Upon the proofs offered, it must, therefore, be assumed: First. That the deed, though made by the defendant individually to himself as trustee, is in form a valid grant or declaration of trust, for, if void upon its face, the plaintiffs need no equitable relief, and can obtain none. Van Deusen v. Sweet, 51 N. Y. 384; Bockes v. Lansing, 74 N. Y. 437; Pooley v. City of Buffalo, 124 N. Y. 206, 26 N. E. 624, and kindred cases. Second. If valid, that it was made in good faith, pursuant to some prior duty, or for a valuable consideration, there being no proof to the contrary. Bump, Fraud. Conv. 559; Abb. Tr. Ev. 737; Baylies, Tr. Ev. 224; Kerr, Fraud, 384; Bigelow, Fraud, 493.

The failure to record the deed is not in itself evidence of fraud sufficient to sustain a recovery. No credit was extended on account of the omission, and no injury to the plaintiffs has resulted from it. Jackson v. Badger, 109 N. Y. 632, 16 N. E. 208. It follows that the complaint must be dismissed.