NEHASANE PARK ASSOCIATION, Respondent, *v.* AARON LLOYD, Appellant.

1. TAX DEED — ERRONEOUS ASSESSMENT UPON LANDS NOT WITHIN DESCRIPTION OF SPECIAL STATUTE. An assessment for a local improvement upon lands in township 41 of Totten and Crossfield's purchase, lying wholly within the county of Herkimer, under a special act of the legislature (Chap. 347, Laws of 1853), which authorized commissioners to impose taxes therefor upon lands lying within that township "in the county of Hamilton" is void, and a deed of the state comptroller based thereon is invalid.

2. SALE FOR VALID AND INVALID TAXES VOID. A deed of the state comptroller based upon a sale for unpaid taxes levied during a series of years some of which are valid and others invalid, is void and conveys no valid title to the property thus assessed.

3. CHAPTER 448, LAWS OF 1885, WHEN RELIED UPON AS A STATUTE OF LIMITATION MUST BE PLEADED. The contention that any defects existing in the deeds have been cured by the provisions of chapter 448 of the Laws of 1885, relating to sales of lands of non-residents for unpaid taxes, is without force in a case where so far as applicable the statute must be regarded as a statute of limitation and has not been pleaded as a defense.

*Nehasane Park Assn.* v. *Lloyd,* 45 App. Div. 631, affirmed.

(Argued May 14, 1901; decided June 11, 1901.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered December 2, 1899, affirming a judgment in favor of plaintiff entered upon a decision of the court at a Trial Term without a jury.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Theodore F. C. Demarest* for appellant. The defendant's tax deed of 1874 is valid and sustainable without the aid of statutory cure or limitation. (*Lloyd* v. *Thomson,* 94 N. Y. S. R. 72; *People ex rel.* v. *Clute,* 50 N. Y. 451; *W. Turnpike Co.* v. *M'Kean,* 6 Hill, 616; *Reynolds* v. *Holland,* 35 Ark. 56; *Lindsley* v. *Williams,* 20 N. J. Eq. 93; *State of N. J.* v. *Orange,* 32 N. J. L. 49; *Commonwealth* v. *Marshall,* 69

Penn. St. 328 ; *State ex rel.* v. *Timme*, 56 Wis. 423 ; *Brown* v. *Hamlet*, 8 Lea, 732 ; *Burch* v. *Newbury*, 10 N. Y. 374.) The defendant's tax deed of 1884 is valid. (L. 1885, ch. 448 ; *Meigs* v. *Roberts*, 162 N. Y. 371.) Defendant can have the full beneficial effect of Laws of 1885, chapter 448, if and where needed, though no objection was taken in the answer that the action was barred by the Statute of Limitations. (*People* v. *Turner*, 145 N. Y. 461 ; *Marsh* v. *Nehasane Park Assn.*, 25 App. Div. 35 ; *People* v. *Turner*, 117 N. Y. 233 ; *Ostrander* v. *Darling*, 127 N. Y. 79 ; *Turner* v. *New York*, 168 U. S. 94 ; *Saranac Land, etc., Co.* v. *Comptroller*, 177 U. S. 318 ; Angell on Lim. [6th ed.] 312 ; *Fisher* v. *Pond*, 1 Hill, 672 ; *Bell* v. *Yates*, 33 Barb. 627 ; 2 Chitty on Pl. 450.

*Charles E. Snyder* for respondent. Defendant's tax deed of April 17, 1874, is null and void because the special road commissioners had no authority to assess a tax upon township 41, Herkimer county. (L. 1853, ch. 347.) The tax deed of April 17, 1874, cannot be validated, and jurisdiction conferred *nunc pro tunc* upon the special commissioners to assess the land in question, by striking out the words "in the county of Hamilton," from section 2, chapter 347, Laws of 1853. (*Joslyn* v. *Rockwell*, 128 N. Y. 334 ; *Sanders* v. *Downs*, 141 N. Y. 422 ; Cooley on Taxn. 393, 405, 406 ; *Tallman* v. *White*, 2 N. Y. 66 ; *Dever* v. *Hagerty*, 43 App. Div. 354 ; *Matter of N. Y. C. & H. R. R. R. Co.*, 90 N. Y. 342 ; *Zink* v. *McManus*, 121 N. Y. 259 ; *Dike* v. *Lewis*, 2 Barb. 344 ; *Oakley* v. *Healey*, 38 Hun, 244 ; *Jackson* v. *Healy*, 20 Johns. 495.) Regarding Laws of 1885, chapter 448, as a statute of limitation, the defendant cannot avail himself thereof upon this appeal as to either tax deed for the reason that the statute is not pleaded. (*Meigs* v. *Roberts*, 162 N. Y. 377 ; *Johnson* v. *A. & S. R. R. Co.*, 54 N. Y. 416 ; *Acker* v. *Acker*, 81 N. Y. 143 ; *Hulbert* v. *Clark*, 128 N. Y. 295 ; *Cromwell* v. *MacLean*, 123 N. Y. 474 , Phillips' Code Pleadings, § 336 ; *People* v. *Turner*, 117 N. Y. 227 ; *Retzer* v. *Wood*, 109 U. S. 185 ; *Van Hook* v. *Whitlock*, 2 Edw. Ch. 304 ; 7 Paige, 373 ;

*Day* v. *Dunham*, 2 Johns. Ch. 182 ; *Sears* v. *Shafer*, 6 N. Y. 268.) Defendant is a non-resident and cannot avail himself of a statute of limitations of this state in an action brought against him by a resident as to either of his tax deeds. (*Ruggles* v. *Keeler*, 3 Johns. 266 ; *Mallory* v. *T. R. R. Co.*, 3 Abb. Ct. App. Dec. 139 ; Code Civ. Pro. §§ 390, 401 ; *Hamilton* v. *R. Ins. Co.*, 156 N. Y. 327 ; *Jones* v. *Andrews*, 10 Wall. 327 ; *St. L. & S. F. Ry. Co.* v. *McBride*, 141 U. S. 127 ; *Downes* v. *Phœnix Bank*, 6 Hill, 297 ; *Mahaney* v. *Penman*, 4 Duer, 603 ; *A. A. P. Co.* v. *D. P. Co.*, 50 App. Div. 273 ; *Hart* v. *Sansom*, 110 U. S. 151 ; *Roller* v. *Holly*, 176 U. S. 403.)

O'BRIEN, J. The subject-matter of this action is a tract of forest land containing two thousand two hundred and fifty acres, constituting the northwest angle of township forty-one, Totten and Crossfield's purchase, in the county of Herkimer. The action was commenced in December, 1894, and its primary object, doubtless, was to determine whether the title to this land is in the plaintiff or the defendant. The action has taken the form of one in equity, in behalf of the plaintiff to set aside deeds given to the defendant upon a sale of the land for taxes. It is not, therefore, an action of ejectment, and the rule that the plaintiff must succeed upon the strength of his own title, and not upon the weakness of his adversary's, has no application. The plaintiff alleged in the complaint that it had title and that it was in possession of a small part of the tract. The learned trial court has found all the facts in favor of the plaintiff's title and right of possession and has found that the tax deeds under which the defendant claims are null and void. We must, therefore, enter upon a review of the case, not only with a general finding by the trial court that the plaintiff has a good title to the land in controversy, but also with special findings of fact which support that conclusion. The particular facts which render the defendant's deeds invalid have also been found and they are, in substance, that the taxes which resulted in the sales and conveyances under

55

which the defendant claims were not lawfully imposed and, virtually, that the sale of the land was without jurisdiction and utterly void.

Both parties claim under deeds given upon a sale of the land for taxes, although the plaintiff's title does not rest entirely upon such deeds, but as to at least a portion of the land is derived through *mesne* conveyances from parties as to whose title there is no question. The validity of the tax deeds, on both sides, depends upon facts dehors the record, such as the acts and proceedings of town officers in assessing the property, boards of supervisors in imposing the tax, county officers in returning it unpaid and various other facts and proceedings resulting in the sale by the state for unpaid taxes. The findings of the trial court, therefore, in favor of the validity of the plaintiff's title and against the validity of the defendant's title, are mostly findings of fact, or, at least, findings where facts and law are so commingled as to render it impossible to separate the one from the other. These findings and the general conclusion by the trial judge in favor of the plaintiff have been unanimously affirmed at the Appellate Division, and, hence, many of the questions discussed at the bar are not open to review in this court.

The conflicting claims of each party to ownership of the property in question rest largely upon the acts and proceedings of school officers, town and county officers, special commissions to make local improvements and proceedings by the comptroller of the state for the sale of lands for taxes, and hence involve the determination of various facts which validate or invalidate the tax deeds, as the case may be. The findings having been approved by the learned court below, are not subject to review here, except in so far as they present pure questions of law. There are some questions of this character that appear upon the face of the record, and which this court has the power to review.

The two deeds under which the defendant claims, and which the plaintiff assails, and which the judgment has set aside, were both executed by the comptroller of the state

after a sale of the lands for unpaid taxes. The first deed was executed on the 17th of April, 1874, to a person then residing in the state of Wisconsin and who afterwards conveyed to the defendant, a resident of New Jersey. The basis of this deed was a local assessment, or assessments, for a local improvement; that is, the construction of a highway through the forest lands authorized by a special act of the legislature, which is chapter 347 of the Laws of 1853. Under the provisions of that statute two commissioners were named and appointed to lay out and construct a public road from Port Leyden in the county of Lewis to a point in the county of Herkimer. These special commissioners were given all the powers in regard to construction and improvement of highways in the locality that had been previously conferred upon commissioners of highways in the various towns of the state. They were authorized to impose taxes for this purpose upon the lands particularly described, lying in whole or in part within three counties. There was no provision of this statute which authorized any assessment upon the lands in question, except the following: "Also all of townships four, five, six, seven and forty-one of Totten and Crossfield purchase, in the county of Hamilton." The lands in question were not, when assessed, nor are they now, within the boundaries of the county of Hamilton; but, as above remarked, they are in the northwest angle of lot forty-one in the county of Herkimer and just beyond the dividing line between that county and Hamilton. All of township or lot forty-one which was authorized to be assessed, except the tract in question, is in the county of Hamilton, but the line between the two counties passes through the northwest corner of the lot or township designated in the statute as forty-one of Totten and Crossfield patent and thus places a small portion of the township, including all the lands in question, in the county of Herkimer. The statute does not in terms authorize any assessment upon lands in the county of Herkimer, although such lands are included within the boundaries of township forty-one. The fair meaning and construction of

the statute is that only such lands embraced in township or lot forty-one as were situated in the county of Hamilton were assessable. The learned counsel for the defendant contends that it was the intention of the legislature to impose the assessments upon the whole of lot forty-one, and, therefore, upon the lands in question within the county of Herkimer. But the language of the statute is not at all ambiguous or open to construction. On the question of the jurisdiction to impose a local assessment upon a designated district specifically described in a statute courts are not authorized to resort to any refined construction in order to subject lands to special burdens not fairly within the words or general scope of the statute. The boundaries of a district specifically described in the statute to be taxed for a local improvement cannot be enlarged by construction. The power to levy an assessment for a local improvement exists only where it is clearly and distinctly conferred by legislative authority, and, if not so conferred, the assessment is void. If there is any necessity to resort to construction at all it must be in favor of the property owner rather than against him. (*Sharp* v. *Speir*, 4 Hill, 76 ; *Matter of S. A. Methodist Episcopal Church*, 66 N. Y. 395 ; *Stebbins* v. *Kay*, 123 N. Y. 31 ; Cooley on Taxation, 276, 277.)

It follows, therefore, that the statute conferred no authority upon the special commissioners to impose any assessment upon that part of lot forty-one embracing the lands in question in the county of Herkimer, and hence the assessment and all the proceedings for the sale of the lands resulting in the defendant's deed of 1874 were void.

The other deed held by the defendant was executed in April, 1884, by the state comptroller upon a tax sale of the lands in question, made in 1881, for non-payment of taxes assessed in the years 1869, 1871, 1872, 1873 and 1874. The learned trial court found that the taxes assessed in these years, or at least some of them, were void for want of jurisdiction arising from acts and omissions of town, county and school officers, which are particularly stated in the findings. In some cases the assessment rolls were not properly verified by the

assessors. In other cases the taxes were not properly levied or extended by the board of supervisors, the amount of the tax being calculated and extended upon the assessment roll by the supervisor of the town to whom the roll was delivered in blank form with a warrant for the collection of the same. It is not within the province of this court to examine the various steps in these proceedings described in the findings of the court and which resulted in the general conclusion that the sale was void. This would necessarily involve an examination of a series of facts upon which the trial court arrived at a general result. Nor would it be profitable to inquire whether any of the taxes levied during these several years can be upheld, since it was not necessary for the plaintiff to show that all of them were invalid. When the state proceeds at one time to sell land for unpaid taxes levied during a series of years, some of which are valid and others invalid, the title of the owner against whom the sale is made is not thereby divested. By mingling good and bad together the state cannot give a valid title to the property thus assessed. (*People* v. *Hagadorn*, 104 N. Y. 516; *Poth* v. *Mayor, etc., of N. Y.*, 151 N. Y. 16.)

For these reasons we think that there is no ground upon which this court can interfere with the findings below to the effect that this conveyance to the defendant was void and a cloud upon the plaintiff's title.

It is urged in behalf of the defendant that whatever defects may exist in the deeds under which he claims that they have been cured by the provisions of chapter 448 of the Laws of 1885. That act provides that certain sales of lands for the non-payment of taxes shall, six months after the act takes effect, " be conclusive evidence that the sale and all proceedings prior thereto, from and including the assessment of the land and all notices required by law to be given previous to the expiration of the two years allowed by law to redeem, were regular and were regularly given, published and served according to the provisions of this act, and all laws directing or requiring the same, or in any manner relating thereto, and

all other conveyances or certificates heretofore or hereafter executed or issued by the comptroller, shall be presumptive evidence of the regularity of all the said proceedings and matters hereinbefore recited, and shall be conclusive evidence thereof from and after the expiration of two years from the date of recording such other conveyances or of four years from and after the date of issuing such other certificates." There are various answers that may be made to this contention. In so far as this statute has any application to this case it is a statute of limitations and nothing else. (*Meigs* v. *Roberts*, 162 N. Y. 371; *Hulbert* v. *Clark*, 128 N. Y. 295; *Cromwell* v. *MacLean*, 123 N. Y. 474; *People* v. *Turner*, 117 N. Y. 227.) This statute operates only as a bar to the remedy, and inasmuch as the defendant has not pleaded it in his answer it is not available as a defense. (*Hayden* v. *Pierce*, 144 N. Y. 512; *Titus* v. *Pool*, 145 N. Y. 414; *Hamilton* v. *Royal Insurance Co.*, 156 N. Y. 327.) We assume that it is elementary law that a party to an action who would take advantage of a statute of limitations must plead it as a defense. Moreover, it appears from the record that the defendant has been all the time since the execution of the conveyances under which he now claims title a non-resident of the state, and it is a general rule that a statute of limitations does not run in favor of a party residing beyond the jurisdiction of the court. Whether this rule applies to the statute in question or not may possibly be open to controversy and, therefore, it is not necessary to discuss that question now, since the omission of the defendant to avail himself of the protection of the statute by a proper pleading is a sufficient answer to his present contention.

The learned counsel for the plaintiff contends that the statute of 1853 authorizing assessments upon the lands therein described for the construction of a public highway was an invalid exercise by the legislature of the power of taxation. The statute authorized the commissioners to levy a tax of fifteen cents on each one hundred acres of the land described in the county of Lewis and ten cents on each one hundred acres of the land described in the counties of Hamilton and Herki-

mer.  The legislature thus created a special tax district and then provided that all lands within that district should be taxed at a specified sum per acre, without any regard to the value of the lands, or the benefits to be derived from the improvement.  The statute did not give to the landowner a hearing or an opportunity to be heard in regard to the apportionment of the tax.  It was a uniform burden fixed by the legislature itself upon all lands within the district irrespective of their value, or their relation to the proposed improvement, or any special benefit to be derived from the construction of the road.  We are not prepared to say that the statute was a valid exercise of power under the Constitution.  It has been generally understood that a fixed and arbitrary sum, assessed by statute upon property and imposed without reference to some system of just and equitable apportionment, and without any opportunity to the owner to be heard, cannot be upheld. (*Stuart* v. *Palmer*, 74 N. Y. 183 ; *McLaughlin* v. *Miller*, 124 N. Y. 510 ; *Remsen* v. *Wheeler*, 105 N. Y. 573 ; *Spencer* v. *Merchant*, 125 U. S. 345 ; *Norwood* v. *Baker*, 172 U. S. 269 ; *Jones* v. *Town of Tonawanda*, 158 N. Y. 438 ; Cooley on Taxation, 243, 244.)

But inasmuch as we are of opinion that the statute, whether valid or not, conferred no authority upon the local commissioners to impose any burden whatever upon the lands in question, we do not think it necessary to discuss the validity of the statute as an exercise of the taxing power.  Moreover, even if it should be held that the statute was void upon the ground alleged, its invalidity would necessarily appear in any proceeding on the part of the defendant to obtain possession of the lands, or in any proceeding between him and the plaintiff concerning the title and right of possession.  Therefore, this objection to the statute, even if it should be sustained, would not authorize the plaintiff to maintain an action for the cancellation of the deed executed upon such sale as a cloud upon the title.  (*Clark* v. *Davenport*, 95 N. Y. 477 ; *Pooley* v. *City of Buffalo*, 124 N. Y. 206.)

There are various other questions arising upon the record

which have been elaborately discussed by counsel, but we regard the points considered as controlling, and, hence, it is unnecessary to extend the discussion to other questions that are minor and collateral. The facts in the case having been conclusively determined by the court below in favor of the plaintiff, the record does not, we think, disclose any error of law which would warrant this court in interfering with the judgment, and, therefore, it must be affirmed, with costs.

PARKER, Ch. J., MARTIN, LANDON, CULLEN and WERNER, JJ. (and GRAY, J., in result), concur.

Judgment affirmed.