(65 Misc. Rep. 145.)

## FLOWER et al. v. STATE.

(Court of Claims of New York. November, 1909.)

1. STATES (§ 191*)—CLAIMS AGAINST STATE—RIGHT OF ACTION.

Where taxes were levied under Tax Law (Laws 1896, p. 795, c. 908) § 315, as added by Laws 1905, p. 474, c. 241, and amended by Laws 1906, p. 1008, c. 414, and such act was afterwards held unconstitutional, the taxpayer cannot sustain an action against the state to recover the same; it not having consented to such action.

[Ed. Note.—For other cases, see States, Cent. Dig. §§ 179–184; Dec. Dig. § 191.*]

2. STATES (§ 184*)—CLAIMS AGAINST STATE—RECOVERY OF TAXES PAID.

Code Civ. Proc. § 264, defining the jurisdiction of the Court of Claims, provides that the court shall have no jurisdiction of a claim submitted

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

to any other tribunal or officer, unless the claim is founded on an express contract. *Held,* that a claim for taxes paid the state under an unconstitutional law is not within such provision.

[Ed. Note.—For other cases, see States, Cent. Dig. §§ 172–175; Dec. Dig. § 184.*]

3. TAXATION (§ 538*)—RECOVERY OF TAXES PAID.

A tax or assessment voluntarily paid cannot be recovered back, though illegally levied, or levied under an unconstitutional law.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 999, 1000; Dec. Dig. § 538.*]

Claim of Frederick S. Flower and others against the State of New York to recover taxes paid. Judgment for the State.

Louis S. Phillips (William F. Unger, of counsel), for claimants.
Daniel E. Brong, Deputy Atty. Gen., for the State.

MURRAY, J. This claim is filed to recover the sum of $3,478.93, being the amount paid by the claimants to the Comptroller of the State between May 11, 1906, and February 1, 1907, in excess of the lawful amount required to be paid upon the transfer of shares of stock.

The Legislature, by chapter 241, p. 474, of the Laws of 1905, added section 315 of the tax law, to impose a tax "on all sales or agreements to sell * * * or deliveries or transfers of shares of stock * * * made after the first day of June, 1905" of two cents "on each hundred dollars of face value or fraction thereof." Section 315 of the tax law was amended by chapter 414, p. 1008, of the Laws of 1906, so that the tax of two cents, instead of being imposed "on each hundred dollars of face value or fraction thereof," was laid "on each share of one hundred dollars of face value or fraction thereof." This amendment took effect May 11, 1906.

The Court of Appeals in People ex rel. Farrington v. Mensching, reported in 187 N. Y. 8, 79 N. E. 884, 10 L. R. A. (N. S.) 625, and decided January 8, 1907, held the last amendatory act to be unconstitutional in so far as it sought to impose the tax on each share of $100 of face value or fraction thereof, but held the first amendatory act of 1905 to be constitutional, and that it was not affected by the unconstitutional act of 1906. From May 11, 1906, to February 1, 1907, the claimants paid to the Comptroller of the State, under the unconstitutional amendment, the tax at the rate of two cents on each share of stock transferred without regard to the face or par value of the stock.

Section 1, c. 179, p. 238, Laws of 1843, entitled "An act to refund moneys paid in certain cases for taxes," reads:

"Whenever it shall appear satisfactorily to the Comptroller that the amount of any tax has been paid, and afterwards other money has been paid into the treasury on account of such tax; and in cases where it shall appear that the amount due for any tax has been overpaid, he may draw his warrant on the treasurer for the amount so overpaid, in favor of the person who may have made such payments."

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The amendment of the stock transfer tax law of 1906 provided:

"The Comptroller may upon satisfactory proof that the stamps have been erroneously affixed and canceled in payment of the tax upon a transfer, and to the loss of an innocent person, refund the amount thereof from appropriations made for necessary expenses under the act, provided the tax justly due is paid upon such transfer."

About February 26, 1907, the claimants made a demand upon the Comptroller for the portion of the tax unlawfully levied by the state and paid by the claimants to the Comptroller under the unconstitutional statute referred to. This demand the Comptroller refused on the grounds: First, that he had no power to audit the claim; second, that there was no appropriation out of which the claim could be paid. Subsequently the claimants made some efforts to procure the passage of a bill by the Legislature for their relief. These efforts were unsuccessful—no act was passed—and afterward this claim was presented to this court. The state introduced no evidence, and relies on its motion for a dismissal of the claim on the ground that this court has no jurisdiction over the controversy.

The primal question to be considered is: Has the state recognized this as a claim against itself? Has the state waived its sovereignty and consented to be sued in this case? If the state has not constituted this a claim against itself, and has not waived its sovereignty and consented to be sued in this forum, then this court has no jurisdiction of this proceeding, and the burden is on the claimant to establish it as a claim recognized by the state, and its waiver and consent to be sued, and the jurisdiction of this court to hear and determine it. In Locke v. State, 140 N. Y. 480, 482, 35 N. E. 1076, 1077, the court says:

"The liability of the state for this or any other claim must be founded on its own consent expressed through some act of the Legislature. The sovereign cannot be impleaded nor made liable in damages for any cause whatever in the courts of justice save in such cases as it has itself consented to be made liable"—citing cases.

See, also, Lewis v. State, 96 N. Y. 71, 48 Am. Rep. 607; People v. Dennison, 84 N. Y. 272; Matter of Hoople, 179 N. Y. 308, 72 N. E. 229.

I have been unable to find any act of the Legislature wherein it is expressed that the state has consented to be made liable in this class of cases. And I have been referred to no statute by which the state has waived its sovereignty in cases like this; nor to any case holding that, without express legislative sanction, the state is liable to refund taxes wrongfully, levied or collected. In writing on the subject of taxation and assessment, Page & Jones in their book say:

"Since no judgment can be rendered against the state, the state cannot be made a party defendant." 2 Page & Jones, Taxation & Assessment, 1893, § 1219.

There may be a moral or equitable obligation on the state, through the Legislature, to provide for the repayment of the money so collected or received. But that does not make this such a legal claim as this court has jurisdiction of. In Quayle v. State, 192 N. Y. 47, 84 N. E. 583, the court held:

"In cases of claims founded on moral or equitable obligations, it was necessary that there should be some statute authorizing such court (the Court of Claims) to hear and adjudicate them."

In Cole v. State, 102 N. Y. 49, 6 N. E. 277, 278, the court says:

"It seems, however, as a general rule, and in the absence of express provision, the authority of said board is confined to the allowance of legal claims."

See, also, O'Hara v. State, 112 N. Y. 147, 19 N. E. 659, 2 L. R. A. 603, 8 Am. St. Rep. 726.

Section 264 of the Code of Civil Procedure, defining the jurisdiction of this court, provides:

"It has also jurisdiction to hear and determine a private claim against the state. * * * But the court has no jurisdiction of a claim submitted by law to any other tribunal or officer for audit or determination, except where the claim is founded upon an express contract and such claim, or some part thereof, has been rejected by such tribunal or officer."

"Except where the claim is founded upon an express contract," in the above section of the Code, means where the state has entered into a definite agreement, expressed in words, and there is a controversy over or about such express contract. In such case this court has jurisdiction of a claim founded upon it, though it may have been submitted to some other tribunal or officer. Express contracts are those in which the agreement entered into by the parties is stated in definite language, either verbally or in writing. 1 Pars. Cont. (9th Ed.) 6, note; 1 Page, Cont. p. 25, § 11; 1 Clark, Cont. (2d Ed.) 2–6; Chitty, Cont. (15th Ed., 1909) 39. This case, therefore, does not come within the exception provided for in the Code.

From the sections of the tax law previously quoted, it seems that it was contemplated by the Legislature that controversies such as this should be submitted to the Comptroller; and the claimants state that they submitted this claim to the Comptroller for payment, which he refused for the reasons he gave, and which have been previously stated. It seems to me the inhibition of the Code applies to this claim. Quayle v. State, 192 N. Y. 47, 84 N. E. 583; Parmenter v. State, 135 N. Y. 154, 31 N. E. 1035; O'Hara v. State, 112 N. Y. 147, 19 N. E. 659, 2 L. R. A. 603, 8 Am. St. Rep. 726; Cole v. State, 102 N. Y. 48, 6 N. E. 277.

"The authorities generally agree that a tax or assessment voluntarily paid cannot be recovered back, and it is immaterial in such case that the tax or assessment has been illegally levied, or even that the law under which it was laid was unconstitutional." 11 Cooley, Tax'n (3d Ed.) 1495, 1496, and cases cited.

The same author in reference to this rule says:

"Ignorance or mistake of law by one who voluntarily pays a tax illegally assessed furnishes no ground for recovery. * * * Every man is supposed to know the law, and if he voluntarily makes a payment which the law would not compel him to make, he cannot afterwards assign his ignorance of the law as a reason why the state should furnish him with legal remedies to recover it back. Especially is this the case where the officer receiving the money, who is chargeable with no more knowledge of the law than the party making the payment, is not put on his guard by any warning or protest, and the money is paid over to the use of the public in apparent ac-

quiescence in the justice of the exaction. Mistakes of fact can scarcely exist in such a case, except in connection with negligence, as the illegality which renders such a demand a nullity must appear from records, and the taxpayer is just as much bound to inform himself what the records show, or do not show, as are the public authorities. The rule of law is a rule of sound public policy also. * * * All payments are supposed to be voluntary until the contrary is made to appear. Nor is the mere fact that a tax is paid unwittingly, or with complaint of any legal importance. There must be in the case some degree of compulsion to which the taxpayer submits at the time, but with notification of some sort equivalent to a reservation of rights." Cooley, Tax'n (3d Ed.) 1497–1499.

In the absence of a statute, a voluntary payment of an assessment cannot be recovered, even if the assessment could not have been enforced. 2 Page & Jones, Taxation & Assessment, 2131, § 1478.

In Phelps v. New York City, 112 N. Y. 216, 19 N. E. 408, 2 L. R. A. 626, it was held:

"Where an ordinance directing a local improvement is on its face illegal and void, the payment, without coercion, of an assessment for the expenses incurred under its authority, is a mistake of law, and the sum paid cannot be recovered back."

See, also, Tripler v. New York City, 125 N. Y. 617, 26 N. E. 721. In Vanderbeck v. Rochester, 122 N. Y. 285,[1] the court says:

"That a voluntary payment of an assessment, made under a mistake of law, but with full knowledge of the facts, and not induced by any fraud or improper conduct on the part of the payee, cannot be recovered."

See, also, Pooley v. Buffalo, 124 N. Y. 206, 26 N. E. 624; Newburgh Sav. Bank v. Woodbury, 173 N. Y. 55, 65 N. E. 858; Edison Co. v. Wemple, 133 N. Y. 617, 30 N. E. 1002.

For the reasons given in the preceding pages, I am of the opinion that this court is without jurisdiction to hear or determine this claim, that the same should be dismissed, and judgment given for the state.

Judgment for state.